## HANCOCK DITCH CO. *v.* BRADFORD *et al.*

PLAINTIFF has a right to take a nonsuit at any time before the jury retires, there being no counter claim.

Nor, under the 148th Section of the Practice Act, is he bound to tender costs before the nonsuit. The provision as to costs is simply, that, by the nonsuit, plaintiff becomes subject to costs.

APPEAL from the Fifth District.

Bill in equity to restrain defendants from diverting the waters of Woods' Creek from plaintiff's ditch.

*H. P. Barber,* for Appellant, cited 2 Wend. 295; Prac. Act, Sec. 148, Sub. 4; 3 Chitty's Genl. Pr. 910; 1 Graham on New Trials, 281; 3 Id. 896, Note; 3 Blac. 376.

*L. Quint,* for Respondent, cited Prac. Act, Sec. 148; *Locke* v. *Wood,* 16 Mass. 316; 12 Id. 47, 48.

BALDWIN, J. delivered the opinion of the Court—TERRY, C. J. concurring.

The error assigned here is, that the Court refused to permit the plaintiff to take a nonsuit after the testimony for plaintiff and defendants was closed. No counter claim seems to have been made in this case by defendants. By the 148th Section of the Practice Act, it is provided "that the plaintiff may, at any time before trial, upon the payment of costs, if a counter claim has not been made," take a nonsuit. By *trial* here, is meant the determination or finding in the case. We do not understand that the plaintiff is bound to tender the costs before being entitled to be nonsuited; for the costs cannot be at the moment known or computed. But this proviso was only meant to declare that the effect of the nonsuit is to subject him to costs. At common law, the right of the plaintiff was to take a nonsuit at any time before the jury retired, and we do not construe the statute as altering the rule. (3 Ch. Genl. Pr. 910.)

The judgment on the verdict is reversed, and the cause remanded, with directions to the Court below to enter judgment of nonsuit as of the 8th November, 1858.