BROWN v. HARTER, Administrator.

PLAINTIFF has not the absolute right to take a nonsuit after the case has been finally submitted and the jury has retired; but such right does exist at any time before such final submission and retirement.

Hancock Ditch Co. v. Bradford (13 Cal. 637) commented on.

APPEAL from the Fifth District.

Suit for a mining claim. After the Court below had instructed the jury they retired, and being unable to agree, returned for further instructions, which having been given, the jury again retired, and being still unable to agree, came into Court, when the Court, of its own motion, instructed them to find for defendant, plaintiff excepting, and demanding permission to become nonsuited, and that the same be entered before the jury again retired. Permission denied, and the jury instructed to find for defendant, which was done accordingly, plaintiff excepting. Judgment for defendant. Plaintiff appeals.

L. Quint, for Appellant, cited Hancock Ditch Co. v. Bradford, 13 Cal. 637.

H. P. Barber, for Respondent, cited Practice Act, sec. 148; 13 Cal. 637.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

The points on this appeal are merely technical. They have

either been decided heretofore or are not of difficulty. The only one we think it necessary to notice is the refusal to permit the nonsuit after the jury had retired. Some obscurity possibly exists in the opinion in *Hancock Ditch Co.* v. *Bradford*, (13 Cal. 637) in the definition of the word " trial," as used in the one hundred and forty-eighth section of the Practice Act; but the expressions used are explained in the subsequent portions of the opinion.

The Practice Act does not give an arbitrary right to become nonsuit after the case has been finally submitted to the jury, though it exists at any time before such final submission and their retirement.

Judgment affirmed.