## HEINLIN *v.* CASTRO *et al.*

AFTER an action has been tried and submitted the plaintiff has no right to dismiss it, nor has the Court then any authority to enter an order of dismissal without the consent of the defendant.

In an action tried by the Court without a jury, the parties, at the September Term, introduced their proofs and submitted the case, which was taken under advisement by the Court. On the first day of the succeeding term, and before the decision was rendered, the plaintiff moved, *ex parte*, for a dismissal without prejudice, which was granted; subsequently, at the same term, on motion of defendants, the order of dismissal was vacated and a finding filed in favor of defendants upon which judgment was entered: *held*, that the order dismissing the action was unauthorized, and that the subsequent order vacating the dismissal was therefore proper.

Where an action upon a promissory note is barred by the Statute of Limitations, the remedy upon a mortgage given to secure it is also barred.

*McCarthy* v. *White* (21 Cal. 495) affirmed on this point.

A part payment, indorsed upon a promissory note, whether made before or after the expiration of the period fixed by the Statute of Limitations, does not avoid the bar of the statute.

To take a contract out of the statute there must be an acknowledgment or new promise "contained in some writing signed by the party to be charged thereby."

APPEAL from the Third Judicial District.

This action was commenced October 24th, 1860, by John Heinlin, against Juan José Castro and Petro Benal de Castro, to recover the amount of a promissory note, made by defendants to plaintiff, for six hundred dollars, dated January 25th, 1855, and payable twelve months from date with interest; and also to foreclose a mortgage, made to secure the note and bearing the same date. The answer set up as a defense the Statute of Limitations.

A trial was had at the September Term, 1861, before the Court without a jury, and both parties having closed their evidence and submitted the case, the Court held it under advisement until the next term. On the first day of the succeeding (January) term, the plaintiff, neither defendants nor their counsel being present, moved to dismiss the action without prejudice, which motion was granted and an order to that effect entered. Four days afterwards, defendants appeared by counsel and moved to vacate the order of dismissal on the ground that its entry was unauthorized by law, and

after argument the Court granted the motion and entered an order setting aside the previous order of dismissal; after which a finding in favor of defendants was filed, and judgment entered accordingly.

The Court found as a fact that one Magin Castro, a son of defendants, paid to plaintiff on the tenth day of June, 1857, the sum of four hundred and seventy-five dollars, and also on the fourth day of July, 1857, the further sum of three hundred dollars; that both these payments were indorsed on the note, but that they were made by Magin without the authority, knowledge, or consent of his parents, the defendants. The evidence as to Magin's authority was conflicting.

Plaintiff moved for a new trial, which was denied, and from this order and the judgment he appeals.

*S. Archer,* for Appellant.

*John H. Saunders* and *Wm. Mathews,* for Respondents, cited *Lord* v. *Morris* (18 Cal. 482), and *Fairbanks* v. *Dawson* (9 Id. 891).

CROCKER, J. delivered the opinion of the Court—COPE, C. J. and NORTON, J. concurring.

This is an action to enforce the collection of a note executed by the defendants for the sum of six hundred dollars, dated January 25th, 1855, payable twelve months after date, and to foreclose a mortgage executed by the defendants to secure the payment of the note. The complaint was filed October 24th, 1860. The answer sets up the Statute of Limitations in defense. On the sixth day of September, 1861, the cause was tried, the evidence heard, and the case taken under advisement. On the sixth day of January, 1862, the Court, on the plaintiff's motion, ordered that the suit be dismissed, and that the plaintiff be allowed to withdraw the note and mortgage. On the tenth day of January, 1862, the Court set aside the order made on the sixth, and rendered its decision and findings in favor of the defendants. Judgment was entered in their favor for costs, and the plaintiff appeals to this Court.

His first assignment of error is, that the Court erred in setting aside the order dismissing the action, and rendering final judgment

after the entry of the order of dismissal. This point is not well taken. The right to dismiss an action is regulated by Sec. 148 of the Practice Act, which authorizes the plaintiff to dismiss the action "*at any time before trial,*" upon the payment of costs, if a counter claim has not been made." The order dismissing the action was not authorized by any of the provisions of the Practice Act; it was therefore invalid, and the Court committed no error in setting it aside. The action had been tried, submitted, and taken under advisement by the Court. The plaintiff, therefore, had no right to dismiss it on his own motion. No written consent to the order of dismission appears to have been made by the defendants, nor do they appear to have consented to it in any way.

The next assignment of error is, that the finding of the Court that no payment was made on the note by defendants was against the evidence. The plaintiff, to avoid the Statute of Limitations, states, in his complaint, that the defendants paid on the note the sum of four hundred and seventy-five dollars on the tenth day of June, 1857, and on the fourth day of July, 1857, the further sum of three hundred dollars, which were indorsed on the note. The Court finds that these payments were made by one Magin Castro, a son of the defendants, without their authority, knowledge, or consent, and the weight of the evidence seems to be in favor of the finding. But this finding is not material to the main point in the case, which is whether the action is barred by the Statute of Limitations. This question has been fully settled by numerous decisions of this Court, in which it has been held that a mortgage is barred equally with the note by the statute, and that a mere payment on the note, made after it is so barred, will not avoid the statute. There must be an acknowledgment of the debt, or new promise to pay it, " contained in some writing signed by the party to be charged thereby," to take the case out of the statute. (*Lord* v. *Morris,* 18 Cal. 482; *Pena* v. *Vance,* 21 Id. 142; *McCarthy* v. *White,* Id. 496.)

The alleged payments in this case were made *before* the debt had been barred by the statute, and in such case it has been held by this Court that the payment does not avoid the statute. (*Fairbanks* v. *Dawson,* 9 Cal. 89.)

In *Barron* v. *Kennedy* (17 Cal. 574) it was held, that the debt was not barred by the statute, because the payments were accompanied by letters, which brought the acknowledgment, by the payments, within the rule laid down in the thirty-first section of the Statute of Limitations.

Judgment affirmed.