[No. 9233.   Department One. — December 23, 1885.]

THOMAS MULLINS, APPELLANT, v. JOHN WIELAND, RESPONDENT.

NEW TRIAL — CONFLICT OF EVIDENCE — DISCRETION — VERDICT. — It is not necessarily an abuse of discretion for the trial court to grant a new trial on the ground that the evidence was insufficient to sustain the verdict, although the evidence may be conflicting.

APPEAL from an order of the Superior Court of the city and county of San Francisco granting a new trial.

The facts are stated in the opinion of the court.

*Clunie & Knight*, for Appellant.

*Loughborough & Newhall*, for Respondent.

McKEE, J.—After the return of a verdict for six thousand dollars, in this action, the defendant moved for a new trial on a statement of the case.   Upon motion the court ordered that a new trial be granted, and from the order the plaintiff appealed.

The motion was made and the order entered, upon the ground that the evidence was insufficient to sustain the verdict.

The record shows that the action in which the verdict was rendered was brought to recover damages for personal injuries sustained by the plaintiff from the fall of an elevator,—a distance of sixty feet, from the top story

to the basement of a building known as the Philadelphia
Brewery, the property of John Wieland.  On the trial
evidence was given sufficient to establish as incontro-
vertible facts that the proprietor of the brewery had con-
tracted with the Columbia Foundry for the laying of an
iron floor in the second story of the brewery; that for
the purpose of commencing performance of the con-
tract, the foreman of the foundry, on the 23d of May,
1882, went to the brewery, taking with him two servants
of the foundry, and about thirty-six square iron plates,
each weighing about four hundred pounds, which were
to be used in the work of laying the floor.  One of these
servants was the plaintiff in the action, who was perma-
nently injured by the fall of the elevator while engaged
with his fellow-servant in the duty of taking up on the
elevator one of the iron plates to the second story of the
building.

It is conceded that the injuries to the plaintiff were
caused by the gross negligence of a servant of the brew-
ery in running the elevator.  But there was evidence
given which tended to show that the servant was em-
ployed only to do general work about the cellar,—to mark
beer barrels, and to load and unload the elevator,—and
that he was not employed and was not authorized to run
the elevator.  Yet he was the only servant of the brewery
at or near the elevator when the plaintiff got on it with
the iron plate to go up to the second story of the building.

The issues which were presented to the jury upon the
evidence in the case involved: 1. Whether defendant by
his foreman granted the use of the elevator to the fore-
man of the foundry for the purpose for which it was
used; 2. Whether the servant of the brewery that ran
the elevator, in connection with that use of it, was
authorized to run it; or 3. Whether, if another was
employed for that purpose, and was not present to per-
form his duty at the time the foundry was using it, was
the servant who operated it left temporarily in charge of

it, or was the foreman of the brewery negligent in not seeing that the regular operator of the elevator was present to perform his duty.

These were all questions of fact for the jury, and there was evidence given for and against their existence as facts.   Upon the evidence, the jury found for the plaintiff.   But the verdict was founded upon conflicting evidence; and on the motion for a new trial the court, to whose discretion the motion was addressed, determined that the evidence was wholly insufficient to sustain the verdict.   That being so, we cannot say, as matter of law, that the court abused its discretion in granting a new trial.   (*Pierce* v. *Schaden*, 55 Cal. 406; *Bronner* v. *Wetzlar*, 55 Cal. 419; *Blum* v. *Sunol*, 63 Cal. 341.)

Order affirmed.

Ross, J., and McKINSTRY, J., concurred.

Hearing in Bank denied