## DENVER & R. G. R'Y CO. v. COBLEY.

It is not error to allow the plaintiff to dismiss his own case, where no counter-claim has been interposed.

### *Error to District Court, Fremont County.*

THIS action was brought against the railway company by the defendant in error to recover damages for injuries received by him as a passenger in one of the railway company's coaches while being carried therein from Pueblo to Canon City.   A demurrer was sustained to the original complaint, whereupon the plaintiff filed an amended complaint, which the railway company answered, setting up facts showing that the accident occurred by reason of the plaintiff's negligence in resting his arm on the sill of a car window, allowing the arm to protrude outside the car in which he was riding, and that while remaining thus exposed it came in contact with a freighter's wagon standing near the track, by reason whereof the injury occurred.   A default was entered against said plaintiff for failure to file a replication to the defendant's answer within the time prescribed by the court.   Counsel for the railway company thereupon moved for judgment on the pleadings.   When this motion was called up for hearing the plaintiff moved the court to dismiss his said suit without prejudice.   The latter motion was allowed, and the suit dismissed without prejudice, to which action of the court the company, by its counsel, excepted.   To reverse this order the railway company sued out this writ of error.

Messrs. MACON and HOBSON, WOLCOTT and MILBURN, and Mr. JOHN M. WALDRON, for plaintiff in error.

BECK, C. J.   One of the errors assigned is "that the court below erred in dismissing the cause as it stood upon the pleadings without consent of defendant company; but said cause should have been allowed to go to the jury, and be finally determined upon the facts proved and admitted." The court below committed no error in dismissing the action upon the plaintiff's motion.  The Code of Civil Procedure provided, then as now, that an action might be dismissed, or a judgment of nonsuit entered, by the plaintiff himself, at any time before trial, upon payment of costs, if a counter-claim had not been made.  Code Civil Proc. p. 48, § 147.  The motion of plaintiff to dismiss his suit was made and the suit was dismissed before trial.  It was likewise dismissed, as shown by the order of dismissal, "upon payment of all costs accrued herein."  The plaintiff was entitled, as a matter of right, to this order.  *Hancock Ditch Co. v. Bradford,* 13 Cal. 637; *Plant v. Fleming,* 20 Cal. 93.  The above-cited cases arose upon a similar code provision, and are decisive of all the questions presented by the assignment of errors.

It was within the discretion of the court to dismiss the plaintiff's suit without prejudice.  Judgment affirmed.

*Affirmed.*