[Sac. No. 198. Department Two.—May 6, 1897.]

# W. W. WESTBAY, RESPONDENT, *v.* W. W. GRAY ET AL., APPELLANTS.

FORECLOSURE OF MORTGAGE — PLEADING CREDITS IN COMPLAINT — INSUFFICIENT DENIAL OF NONPAYMENT.—Where the complaint, in an action to foreclose a mortgage, gave credits in the complaint for payments of interest and part of the principal of the note secured, and averred that no other part of the principal sum or interest had been paid, denials in the answer "that no part of the principal sum mentioned in said promissory note has been paid," and "that the whole of said principal and interest has not been paid," are evasive, and the answer does not present a sufficient denial of the allegations of the complaint, to call for proof of nonpayment on the part of the plaintiff.

ID.—RES ADJUDICATA—DISMISSAL OF PREVIOUS ACTION WITHOUT PREJUDICE.—The dismissal of a previous action of foreclosure, by leave of the court, without the consent of the opposite party, and which was expressly entered as "without prejudice to the commencement of another action," is not a bar to another action to foreclose the same mortgage.

ID.—SETTING ASIDE SUBMISSION—AMENDMENT OF PLEADINGS—POWER OF COURT TO GRANT DISMISSAL.—Where an order of submission of a cause after trial by the court, has been set aside, and leave given to amend the pleadings, the case stands as though no submission had ever been had, and the court has power, under such circumstances, to grant a dismissal of the cause without prejudice to another action.

ID.—ESTATES OF DECEASED PERSONS—PRESENTATION OF MORTGAGE—AVERMENT IN FORMER ACTION NOT CONCLUSIVE—INSUFFICIENT PRESENTATION.—The averment in the former action that plaintiff had presented the mortgage as a claim against the estate of the deceased mortgagor, is not conclusive, where the answer in that action denied such presentation, and the plaintiff failed to prove it, and where the court find in the present action that there was no proper presentation of it prior to the first action.

ID.—SECOND PRESENTATION OF CLAIM—ESTOPPEL.—If a party makes an improper attempt to present a claim to an administrator, he is not estopped from presenting it in due form, if within proper time.

ID.—RECOURSE AGAINST ESTATE —WAIVER IN FORMER ACTION—EFFECT OF DISMISSAL—ENFORCEMENT OF CLAIM IN SECOND ACTION.—The waiver in an amended complaint in the former action of all recourse against the estate except as to the mortgaged premises, was only effectual in that action, and when the action was dismissed, it ceased to have any efficacy whatever, and could not preclude the subsequent proper presentation of a claim against the estate, or the enforcement of such a claim in a subsequent action.

ID.—STATUTE OF LIMITATIONS—ACTION UPON CLAIM AGAINST ESTATE.— The statute of limitations regulating actions upon rejected claims against the estates of deceased persons does not begin to run until the claim has been properly presented and rejected; and where the court finds that no claim was presented as the basis of a former action, the statute does not run prior to its subsequent presentation within proper time as the basis of a new action.

APPEAL from a judgment of the Superior Court of Merced County and from an order denying a new trial. JOSEPH H. BUDD, Judge.

The facts are stated in the opinion.

*James F. Peck*, for Appellants.

The claim first presented being rejected, the plaintiff could not extend the time for commencing suit by filing another claim. (*Gillespie* v. *Wright*, 93 Cal. 169.) The right to dismiss the action did not exist in the plaintiff independent of the court, after trial and submission. (*Heinlin* v. *Castro*, 22 Cal. 102; *Casey* v. *Jordan*, 68 Cal. 246.) The plaintiff, by waiving in the first action all recourse to other property than the property mortgaged, was estopped to claim a deficiency judgment in a subsequent action after dismissal of the prior action. (*San Bernardino Inv. Co.* v. *Merrill*, 108 Cal. 490.) The defendants, after trial and submission of the case, had a right to have the controversy determined on its merits, and the judgment of dismissal became a bar to another action for the same cause. (Black on Judgments, sec. 703; *Best* v. *Hoppie*, 4 Colo. 137; *Brothers* v. *Higgins*, 5 J. J. Marsh, 658; *Amory* v. *Amory*, 26 Wis. 152.)

*F. H. Gould*, and *T. C. Law*, for Respondent.

The waiver in the amended complaint in the first action was never in any manner put in effect by a subsequent trial of a new action; but it related solely and entirely to the remedy of the plaintiff in the first action, and with that action terminated. (*Wells* v. *Robinson*, 13 Cal. 143.) A waiver, in order to be a sufficient defense in this case, must have been founded either upon a consideration moving to the plaintiff, or it must have arisen on the principle of estoppel. (Am. & Eng. Ency. of Law, vol. 28, p. 531; *Ripley* v. *Ætna Ins. Co.*, 30 N. Y. 146; 86 Am. Dec. 362; *Dunning* v. *Mauzy*, 49 Ill. 368.) But there is nothing to show any consideration for the waiver, and no facts constituting an estoppel were

pleaded, and therefore the alleged waiver cannot be availed of in this action. (*Clarke* v. *Huber,* 25 Cal. 593; *Davis* v. *Davis,* 26 Cal. 39; 85 Am. Dec. 157; *McKeen* v· *Naughton,* 88 Cal. 462.) The plaintiff has a right to dismiss his action at any time before the case is submitted for final decision, and such dismissal is no bar to a subsequent action. (*Brown* v. *Harter,* 18 Cal. 76; *Hancock Ditch Co.* v. *Bradford,* 13 Cal. 639; *Sheldon* v. *Gunn,* 56 Cal. 587; *Pierce* v. *Hilton,* 102 Cal. 276.)

SEARLS, C.—Action to foreclose a mortgage executed by W. C. Turner, deceased, to secure his promissory note for $500 and interest, dated March 5, 1890.

W. W. Gray is the administrator of the estate of Turner, and the other defendants are his heirs, and no personal judgment was asked or had against them.

The note and mortgage were given to E. J. McKain, and by him indorsed and assigned to W. W. Westbay, the plaintiff herein. The cause was tried by the court, and a decree entered foreclosing the mortgage.

Defendant W. W. Gray, the administrator of the estate of W. C. Turner, deceased, appeals from the decree and from an order denying his motion for a new trial.

The first point made by appellant for reversal is that no evidence was introduced at the trial to show that the promissory note, the payment of which the mortgage was given to secure, had not been paid.

The sworn complaint averred "that no part of the principal sum or interest mentioned in said promissory note has been paid, save and except the sum of $30 interest paid thereon November 18, 1890, and the sum of $30 interest paid thereon April 27, 1891, and the sum of $97.50 paid on October 6, 1893."

The only denials of the allegations of nonpayment in the answer are as follows: "And deny that no part of the principal sum mentioned in said promissory note has been paid, and deny that the whole of said principal and interest has not been paid."

Manifestly this is not a sufficient denial of the alle-

gations of the complaint to call for proof on the part of the plaintiff.

If some of the principal of the note was paid, defendant could truthfully swear to the denials of his answer. The complaint avers that two certain sums of $30 each as interest were paid. It then avers that $97.50 was paid, but does not aver, as in the case of the other payments, that it was on account of interest. The fair inference is, judging from the language used, that the last-named sum was paid on account of principal.

The denial might truthfully have been made in its present form, if any portion of the principal sum, however small, had been paid.

Again, the denial "that the whole of said principal sum and interest has not been paid" is bad. (*More* v. *Del Valle*, 28 Cal. 170; *Doll* v. *Good*, 38 Cal. 287; *Hook* v. *White*, 36 Cal. 299; *Fish* v. *Redington*, 31 Cal. 185.)

The denials of nonpayment are evasive, and, as was said in *Marsters* v. *Lash*, 61 Cal. 622, are no denials at all within the purview of the Code of Civil Procedure. These remarks apply to both the attempted denials of nonpayment. It follows that the contention of appellant cannot be upheld.

2. To the correct understanding of the other points made by learned counsel for appellant, a brief history of the case and of certain antecedent transactions is essential.

This action was brought February 6, 1895, and, as hereinbefore stated, is to foreclose a mortgage.

The complaint avers the presentation of the note and mortgage on January 5, 1895, to W. W. Gray, the administrator of the mortgagor, for allowance, and his failure for ten days to allow or reject the same. In other respects the complaint is in the usual form.

The answer, in addition to its denials, sets up two defenses to the action:

1. That plaintiff had commenced a prior action for the same cause on, to wit, May 7, 1894, which action, on the second day of January, 1895, after the trial thereof,

on motion of plaintiff, was by the court dismissed; that said judgment of dismissal has not been modified or set aside, and is now in full force and effect.

2. That plaintiff's cause of action herein is barred by the provisions of section 1498 of the Code of Civil Procedure, and by section 1493 of the same code.

The court found against both these defenses, and that all the allegations of the complaint were true. The propriety of the findings against the defenses of defendant is the question for consideration.

The evidence in favor of these defenses tended to show that on the seventeenth day of May, 1894, the plaintiff herein filed a complaint in the superior court in and for the county of Merced against the defendant, administrator herein, to recover judgment upon the same cause of action set out in this action.

The plaintiff, in his sworn complaint, averred that his claim had been duly presented to the administrator on or about May 1, 1894, and a copy of the claim was attached to the complaint as an exhibit, and made a part thereof.

It was further averred that more than ten days had elapsed since the claim was presented, and, as plaintiff was informed and believed, the administrator had neglected to indorse either his allowance or rejection of the claim thereon. The answer of the administrator denied that the claim was ever presented to him. This answer was sworn to by defendant W. W. Gray, administrator.

The only other evidence on this subject is that given by said Gray, wherein, after speaking of the presenting of the claim January 5, 1895, and, upon being asked if a claim on the same note and mortgage had been previously presented to him, he answered: "No; I think I got the claim, I think sometime in May, last year."

The evidence showed further that such first cause was brought to trial, and, after being submitted to the court, plaintiff moved upon notice for leave to amend his complaint, so as to conform to the facts as proven. Upon the hearing, the court set aside the order of sub-

mission, and granted plaintiff leave to file an amended complaint within five days, with leave to defendants to answer thereto in ten days after notice thereof.

Plaintiff filed his amended complaint, in which he omitted all averment of presentation of his claim to the administrator, waived all claim for attorneys' fees, and all recourse against any property of the estate, except the mortgaged premises.

Thereafter, and on the second day of January, 1895, the court on motion of plaintiff entered a judgment of dismissal of the action in the following words: "W. W. Westbay v. W. W. Gray, administrator of the estate of W. C. Turner, deceased et al.

"The plaintiff having dismissed this said action, judgment of dismissal thereof is hereby entered without prejudice to the commencement of another action."

"(Signed)                          J. G. ELLIOTT,
                                        " Clerk."

We may add that, thereafter and in due time, plaintiff presented his claim to the administrator, who failed for ten days to allow the same, whereupon this action was brought, in which plaintiff seeks to hold the estate for any deficiency that may remain after exhausting the mortgaged property, and to recover an attorney's fee as provided in the mortgage, etc.

Upon the findings and this evidence appellant claims in favor of reversal:

1. The dismissal of the first action after trial and submission to the court for decision is a bar to the present action.

2. That the commencement of the first action was an election by plaintiff that the administrator had rejected the claim presented, and that having made such election plaintiff cannot disregard it and present his claim anew and institute a second suit.

3. That having amended his complaint in the first action, waiving recourse against the estate except as to the mortgaged property, plaintiff cannot afterward dis-

miss his suit, present his claim, and bring another action seeking foreclosure and a deficiency judgment.

4. That the second action was not brought within the time provided by section 1498 of the Code of Civil Procedure, and is therefore barred.

The foregoing points are in some instances based upon an assumption of facts not found in the findings or supported by the evidence. We will, when necessary, notice these discrepancies as we proceed.

1. Was the dismissal of the first action a bar to the present one? It was not a judgment on the merits, and if a bar to the case in hand it must be because it was in effect a *retraxit*.

A *retraxit* occurred at common law when a plaintiff came into court in person and voluntarily renounced his suit or cause of action, and when this was done and a judgment was entered in favor of defendant the plaintiff's cause of action was forever gone. (3 Blackstone's Commentaries, 296.)

Under our laws this authority will be deemed to have been conferred upon the attorney of record in a cause. (*Board of Commissioners* v. *Younger*, 29 Cal. 147; 87 Am. Dec. 164; *Merritt* v. *Campbell*, 47 Cal. 542.) In the case last cited the former cause had been by agreement of the parties dismissed, the judgment reading as follows:

" By agreement it is ordered by the court that the cause be dismissed; each party paying his own costs."

In upholding this judgment as a *retraxit* and bar to a subsequent action the court, speaking by Wallace, C. J., said: "We are not to be understood as holding that a mere dismissal of an action by the plaintiff under the statute, and without any agreement upon his part to do so, is to be held to constitute a bar to its renewal, nor that a judgment of nonsuit, even entered by consent, would have that effect, but only that a judgment of dismissal when based upon and entered in pursuance of the agreement of the parties must be understood, in the absence of anything to the contrary expressed

in the agreement and contained in the judgment itself, to amount to such an adjustment of the merits of the controversy by the parties themselves through the judgment of the court as will constitute a defense to another action afterward brought upon the same cause of action." *Crossman* v. *Davis,* 79 Cal. 603, is to like effect.

The case at bar is differentiated from *Merritt* v. *Campbell* in that here there was no agreement between the parties for an adjustment and dismissal of the action, and the judgment as entered by the court contained the express proviso that the judgment of dismissal was "*entered without prejudice to the commencement of another action.*"

Subdivision 1 of section 581 of the Code of Civil Procedure provides that an action may be dismissed, or a judgment of nonsuit entered,

"1. By the plaintiff himself at any time before trial, upon payment of costs," etc.

In *Hancock Ditch Co.* v. *Bradford,* 13 Cal. 637, in construing a like expression in our former practice act, the court said: "By trial here is meant the determination or finding in the case."

In *Brown* v. *Harter,* 18 Cal. 76, it was held that plaintiff had not an absolute right to take a nonsuit after the case had been finally submitted and the jury had retired, but that he might do so at any time before such submission and retirement.

In *Heinlin* v. *Castro,* 22 Cal. 100, it was held that, after a cause had been tried and submitted to the court and was held under advisement, the plaintiff had no right to dismiss and the court had no authority to dismiss.

In the case at bar the action had been tried and submitted, but the order of submission had been set aside and leave given to amend the pleadings. It stood, therefore, as though no submission had ever been had. Under these circumstances the plaintiff had a right to apply for and the court had a right to grant the dismissal.

Again, if the dismissal was improper, defendants' remedy was by appeal from the judgment, and not by a

collateral attack upon the judgment. (*Higgins* v. *Mahoney*, 50 Cal. 444.)

The claim of appellant that the judgment of dismissal was entered by the clerk without authority of the court does not find warrant in the record.

The clerk testified that a book handed him was a judgment-book of the Superior Court of Merced County, "in which was entered the judgment of said court," etc. The judgment was then offered and admitted in evidence.

The doctrine that a dismissal, in the cases provided for by our code, does not operate to bar another action for the same cause has ample support in the decisions. (*Davenport* v. *Turpin*, 43 Cal. 597; *Parks* v. *Dunlap*, 86 Cal. 189; *Rosenthal* v. *McMann*, 93 Cal. 505.)

2. Was the plaintiff concluded by bringing an action in which he averred the presentation of his claim to the administrator for allowance, from presenting it thereafter and bringing a suit thereon?

The law does not go to the romantic length of holding a pleader bound beyond the power of remedy for every mistake made in pleading. To do so would annul all statutes enacted and rules adopted to obviate the effect of such mistakes.

In the present case the pleader in the former action averred the presentation of plaintiff's claim to the administrator. His complaint was verified.

The verified answer of the administrator denied that it was presented to him. At the trial of that case it is apparent from the record that plaintiff failed to prove the presentation of the claim, and the court in this case, upon testimony quite sufficient to authorize it in so doing, found that such claim was not presented to the administrator prior to the first suit.

If a party makes an attempt to present a claim to an administrator for allowance, but from some cause fails to properly do so, it is not perceived upon what principle he is estopped from again presenting it in due form, if within proper time.

3. The waiver in the amended complaint in the first action of all recourse against the estate, except as to the mortgaged premises, was only effectual in that action, and when the action was dismissed it ceased to have any efficacy or binding force.

To illustrate: An appearance and answer operates as a waiver of service of summons, but it would hardly be contended that, upon a dismissal of the cause and institution of another action for the same cause, the waiver in the first action excused service of summons in the second.

The fourth point made for reversal does not call for extended comment.    It is based upon section 1496, Code of Civil Procedure, which provides that when a claim is rejected by the executor, administrator or judge of the superior court, the holder must bring suit in the proper court against the administrator, etc., within three months after its rejection, or it shall be barred.

The objection is based upon the allegation of presentation contained in the complaint in the first suit, but, as the court found no such presentation was made, the statute did not begin to run until the presentation of the claim made a few days before this action was brought.

We recommend that the judgment and order be affirmed.

HAYNES, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

МcFARLAND, J., TEMPLE, J., HENSHAW, J.