[S. F. No. 8420. In Bank.—October 3, 1919.]

## LOUIS M. MacDERMOT et al., Respondents, v. WILLIAM GRANT, Appellant.

[1] DISMISSAL OF ACTION—INEFFECTIVE ATTEMPT—PREVIOUS SIGNING OF FINDINGS AND JUDGMENT.—In an action on a promissory note brought by four plaintiffs, an attempted dismissal of the action by three of the plaintiffs so far as they were concerned after the findings and judgment had been signed but before they had been filed cannot be given effect under any of the provisions of the code which expressly authorize a dismissal.

[2] ID.—DISMISSAL BEFORE TRIAL—MEANING OF TERM.—The term "before the trial" referred to in subdivision 1 of section 581 of the Code of Civil Procedure, authorizing the dismissal of an action by the plaintiff at any time before the trial, means before submission, and a case is submitted after the court, trying the case without a jury, has taken it under advisement, at the close of the evidence and argument.

[3] ID.—DISMISSAL BY WRITTEN CONSENT—SIGNATURE OF ATTORNEY ESSENTIAL.—The written consent referred to in subdivision 2 of section 581 of the Code of Civil Procedure, providing that an action may be dismissed by either party upon the written consent of the other, is wholly ineffective unless it is signed by the attorney of record of the consenting party.

[4] ID.—DISMISSAL OF CASES NOT INDICATED IN CODE—DISCRETION.—It is within the discretion of the trial court to order a dismissal in certain cases not expressly indicated in the code.

[5] ID.—ACTION ON PROMISSORY NOTE—ATTEMPTED DISMISSAL BY CERTAIN PLAINTIFFS—JUDGMENT FOR ALL PLAINTIFFS—DISCRETION NOT ABUSED.—In an action on a promissory note brought by four plaintiffs, the court did not abuse its discretion in giving judgment for the whole sum in favor of all the plaintiffs, notwithstanding the attempted dismissal of the action by three of them, so far as they were concerned, after the findings and judgment had been

signed but not filed, in the absence of any showing in any proper legal manner that the note had been satisfied as to their interests, assuming, without deciding, that the court might have ordered a dismissal as to them upon such a showing.

[6] Id.—Partial Satisfaction of Note—Informal Suggestion—Disregard by Court.—Upon the purely informal suggestion of partial satisfaction of the note, the trial court was not bound on its own motion to direct some sort of an accounting between the plaintiff, who had not received satisfaction, and the defendant as the virtual assignee of the rights of the other plaintiffs, and to enter judgment against defendant only for the amount due such plaintiff.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. C. N. Andrews, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Henry Ach, Beverly L. Hodghead and Henry E. Monroe for Appellant.

Goodfellow, Eells, Moore & Orrick and Schwartz & Powell for Respondents.

LENNON, J.—This is an appeal from a judgment for the plaintiffs following a trial without a jury in an action on a promissory note owned in common by the plaintiffs Louis MacDermot, Flora Proctor, Mary Crawford, and Alfred Mac-Dermot. The three plaintiffs last named attempted to dismiss the action, so far as they were concerned, after the findings and judgment had been signed but before they had been filed. It is the contention of appellant that the court erred in entering judgment in favor of all of the plaintiffs. The judgment was affirmed by the first division of the district court of appeal for the first appellate district, Mr. Presiding Justice Waste writing the opinion. The affirmance was correct.

[1] The purported dismissal cannot be given effect under any of the provisions of the code which expressly authorize a dismissal. (Code Civ. Proc., secs. 581, 581a, 581b.) The circumstances here presented clearly exclude the application of any of the provisions of the code sections in question other than those contained in subdivisions 1, 2, and 4 of section 581 of the Code of Civil Procedure.

Subdivision 1 authorizes a dismissal by the plaintiff at any time before the trial. The purported dismissal filed herein was not filed before trial. It is true that in construing a similar' section of the Practice Act an early decision defined "trial" as meaning the determination or finding in the case. (*Hancock Ditch Co.* v. *Bradford,* 13 Cal. 637.) **[2]** It is evident, however, from the concluding portion of the opinion in that case that the court construed the words "before trial" as meaning "before submission," and this is the sense in which they have been construed in subsequent cases. (*Heinlin* v. *Castro,* 22 Cal. 100, 102; *Casey* v. *Jordan,* 68 Cal. 246, 247, [9 Pac. 92, 305]; *Westbay* v. *Gray,* 116 Cal. 660, [48 Pac. 800]; *Goldtree* v. *Spreckels,* 135 Cal. 666, [67 Pac. 1091].) A case is submitted after the court, trying the case without a jury, has taken the case under advisement, at the close of the evidence and argument. (*Aetna etc. Ins. Co.* v. *Hamilton County,* 79 Fed. 575, [25 C. C. A. 94]; *Warner* v. *Warner,* 83 Kan. 548, [112 Pac. 97]; *Lawyers' etc. Pub. Co.* v. *Gordon,* 173 Mo. 139, [73 S. W. 155]; *St. Louis Board of Education* v. *United States Fidelity etc. Co.,* 155 Mo. App. 109, [134 S. W. 18].)

Under the provisions of subdivision 2, an action may be dismissed by either party upon the written consent of the other. Conceding that an action may be thus dismissed at any time before judgment, the fact remains that in the case at bar no effective written consent on the part of appellant to the attempted dismissal by Flora Proctor, Mary Crawford, and Alfred MacDermot was ever filed. It is true that a stipulation was filed consenting to the dismissal and signed by appellant personally and that oral consent was given by appellant's attorney, who was not, however, his attorney of record. **[3]** But it is well settled that the written consent referred to in the code provision now under consideration is wholly ineffective unless it is signed by the attorney of record of the consenting party. (*Commissioners* v. *Younger,* 29 Cal. 149, [87 Am. Dec. 164], quoted with approval in *Boca etc. Co.* v. *Superior Court,* 150 Cal. 153, 156, [88 Pac. 718].)

Subdivision 4 provides for dismissal by the court where the plaintiff abandons the case before final submission. It is unnecessary to discuss the object and scope of this provision, for the reason that the attempted abandonment of the case by the three above-named plaintiffs was, as already noted, made after the final submission of the case.

[4] It is true that it is within the discretion of the trial court to order a dismissal in certain cases not expressly indicated in the code. (*Romero* v. *Snyder,* 167 Cal. 216, [138 Pac. 1002]; *Johnston* v. *Baker,* 167 Cal. 260, [139 Pac. 86].) Assuming, without undertaking to decide the point, that, had there been any showing in any proper legal manner, as, for example, by affidavit, that the note had been satisfied as to the interests of the three plaintiffs who sought to dismiss the action, the court might in its discretion have ordered a dismissal, nevertheless the fact remains that no such showing was made. [5] Under these circumstances it cannot be held that the court abused whatever discretion it may have had in the matter in giving judgment for the whole sum in favor of all of the plaintiffs.

Appellant contends, however, that the attempted dismissal at least placed before the court "evidence" showing that the obligation of appellant had been altered subsequent to the submission of the case, and that it was, therefore, error for the court to enter judgment solely upon consideration of the evidence received at the trial. The case, however, was not opened to receive evidence at any time subsequent to its submission, and the judgment is not in any sense against the evidence. What appellant really means is, apparently, that, upon the purely informal suggestion of partial satisfaction, the court was bound on its own motion to direct some sort of an accounting between Louis MacDermot and appellant as a virtual assignee of the rights of the other plaintiffs and to enter judgment against appellant only for the amount due to Louis MacDermot. [6] This it was clearly not the duty of the court to do.

Appellant may now make a motion for the entry of partial satisfaction of the judgment, making all of the plaintiffs in the original action parties to the proceeding in order that the fact of his release by the three plaintiffs who sought a dismissal may be determined and in order that the extent of the interest of Louis MacDermot in the note and judgment may be ascertained.

The judgment is affirmed.

Shaw, J., Olney, J., Melvin, J., Lawlor, J., and Angellotti, C. J., concurred.

Rehearing denied.