[Civ. No. 9462.  Second Appellate District, Division One.—March 1, 1934.]

DAISY RENOE PATTERSON et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Meserve, Mumper, Hughes & Robertson and Timon E. Owens for Petitioners.

Everett W. Mattoon, County Counsel, Harold W. Kennedy, Deputy County Counsel, Joseph Scott, A. G. Ritter, Leo B. Ward and Theodore C. Heyl for Respondent.

HOUSER, J.—In this proceeding, the essential facts are that, following the filing in the superior court of a petition for the probate of a will, a contest of such will was filed. Thereupon a hearing of the said petition and the said contest were set for hearing on the same date; at which time, and continuing thereafter for a space of two days, evidence was received in support of "proof of the will". Thereafter, intermittently for a period of two weeks next ensuing, evidence was introduced by the contestants relative to the issue tendered by their said contest. Whereupon, the contestants having rested their case, on motion of the proponents of the will the court granted an order of nonsuit of the contest. Five days thereafter, a second contest was filed by another contestant, and two days after such second contest was filed, and while it was still pending and undetermined, the court made an order by which the will was admitted to probate. Thereafter, each of two successive demurrers to the second contest was overruled. Likewise each of two successive motions to strike the second contest from the files, also each of several motions to dismiss and vacate the said second contest, and a motion to vacate and set aside an order setting the second contest for trial, were, and each of them was, denied.

Pursuant to an alternative writ of prohibition that was issued out of this court, by which the respondent court was directed to show cause why it should not desist and be restrained from further proceeding in the matter of said second contest other than to make an order of dismissal of the same, the question of whether such alternative writ should be made mandatory and permanent is now before this court.

■ . By respective counsel herein it is conceded that a proper interpretation of the pertinent provisions of section 370 of the Probate Code is conclusive of the question here presented. As far as it affects the present inquiry, ·the language of that section is as follows: "Any person interested may contest the will by filing written grounds of opposition to the probate thereof at any time before the hearing of the petition for probate, . . . " As applied to the facts of the instant case, the question is narrowed to a decision as to whether the second contest to the will was

filed "before the hearing of the petition" for its probate. It thus appears that the import of the words "before the hearing" is determinative. In that connection, as far as they relate to a matter of the character of that here under consideration, no authorities either of this state or of any other jurisdiction appear to be available. However, analogous decisions that bear upon a construction of the similar phrase of "before the trial", that appears in section 581 of the Code of Civil Procedure and which relates to the time when an action may be dismissed on a written request of the plaintiff therein, have been presented to this court for its consideration; and as a summary thereof it appears that, as applied to the right of a plaintiff in an action to dismiss the same "at any time before the trial", such right continues up to the time when the cause is submitted to the court or to the jury for its determination. (*Hancock Ditch Co.* v. *Bradford*, 13 Cal. 637; *Brown* v. *Harter*, 18 Cal. 76; *Heinlin* v. *Castro*, 22 Cal. 100; *Casey* v. *Jordan*, 68 Cal. 246 [9 Pac. 92, 305]; *Westbay* v. *Gray*, 116 Cal. 660 [48 Pac. 800]; *MacDermot* v. *Grant*, 181 Cal. 332 [184 Pac. 396]; *Kershaw* v. *Hogan*, 127 Cal. App. 89 [15 Pac. (2d) 535].)

Assuming that the same interpretation should be given to the phrase "before the hearing" as has been judicially applied in each of the foregoing cases to the phrase "before the trial", the question then arises regarding the application of the rule to the facts herein; from which it appears that the evidence had been fully presented; the arguments of respective counsel had been presented; no briefs were to be filed; the actual trial had been completed; by express order of the court the contestants had been nonsuited; the respective parties to the litigation had departed from the courtroom. Excepting from the standpoint of a motion for a new trial, or an appeal from the ensuing order in the premises, the contestants were completely out of court. Thereafter, with respect to the issue that was tried before the court, nothing was done by any of the litigants, nor was any act by them, or by either of them, in connection with the trial that had taken place, either necessary or anticipated by the court, or apparently by any other person. The question whether the evidence which had been introduced two weeks prior to the time when the motion for nonsuit had been granted, which related exclusively to

the proof of the execution of the will, was such as to warrant its admission to probate was all that remained for action by the trial court. The question as to the disposition of the matter was as fully and completely under advisement or submission as though such an order expressly had been made. Neither statute nor any other authority has been cited to the effect that either on the conclusion of argument, or on the filing of a final or closing brief, an order of submission of the cause must be made by the trial court. However, especially when a case is tried before the court, sitting without a jury, no doubt exists but that such a course is customary; but we know of no compelling reason for its necessity. Certainly, where the case is tried with a jury, the practice does not require any formal order of submission; and yet in each of the cases of *Hancock Ditch Co.* v. *Bradford,* 13 Cal. 637, and *Brown* v. *Harter,* 18 Cal. 76, in effect it was ruled that the retirement of the jury to consider as to its verdict constituted a submission of the cause. In *MacDermot* v. *Grant,* 181 Cal. 332, 334 [184 Pac. 396], it is said that "a case is submitted after the court, trying the case without a jury, has taken the case under advisement, at the close of the evidence and argument." (Citing authorities.) And in the case of *Aetna Life Ins. Co.* v. *Board of County Commrs.,* 79 Fed. 575, 576, the following occurs in the language of the opinion:

"The transcript shows . . . that the evidence was presented to the court, the arguments made, and the case taken under advisement by the court on December 13, 1894. This was a submission of the case to the court, and the right of the plaintiff to have the action dismissed without prejudice then ceased. . . . "

To this court, it seems that in proper circumstances the submission of the cause may be implied; and that the facts of the instant case as hereinbefore set forth present a condition or situation from which it should result that a submission of the question before the trial court was intended. It follows that, since the said second contest of the will before the court was not filed "before the hearing of the petition for probate" thereof, it was not filed within the time limit prescribed by the provisions of section 370 of the Probate Code.

It is ordered that the demurrer to the petition filed herein be and it is overruled. Furthermore, that the alternative writ heretofore issued herein be and the same is made mandatory and permanent.

Conrey, P. J., and York, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 30, 1934.