[L. A. No. 18024. In Bank. Dec. 22, 1941.]

WILLIAM R. JALOF, Respondent, v. HARRY ROBBINS et al., Appellants.

Samuel W. Newman, Meyer M. Willner and Earl I. Swetow for Appellants.

Robert M. Clarke and Dixie Dunnigan for Respondent.

EDMONDS, J.—During the trial of the action brought by the respondent, he filed a dismissal of it. The appellants then moved the court for an order vacating the dismissal and

directing their counsel to prepare findings of fact, conclusions of law and a judgment in accordance with a decision which had been orally announced. The appeal is from an order denying that motion.

The respondent is suing Harry Robbins and his wife upon an open book account to recover the value of merchandise sold. On June 3, 1940, the parties called witnesses and placed certain documents in evidence. Each counsel then announced "that's all." Thereupon, the trial judge stated that as Robbins had paid Halper Construction Co. $3,041 to be credited to Jalof, "my conclusion is that the defendants are entitled to credit for that amount on their indebtedness to Jalof." He also said that Jalof is not entitled to recover an additional amount of $220 which he claims. But, he added, Halper Construction Co. would have to be made a party to the action "because Jalof is entitled to be protected against any claim that might be made against him by it." The minutes of the court showing the proceedings of that day conclude with the following: "The Court under Section 389 C. C. P. orders the Halper Construction Co. made a party defendant and to file necessary pleading regarding the item of $3,041. Trial is continued to July 8, 1940."

Ten days later the respondent filed a dismissal of the action and on the date to which the trial had been continued, the appellants' objections to it were overruled and the court ordered the action dismissed. Thereafter, the court made the order which is now attacked.

The appellants contend that a plaintiff may not dismiss his action when a trial has been had and the judge has indicated the party in whose favor judgment will be rendered. The respondent takes the position that an action may be dismissed at any time before the cause is submitted for decision and that there was no submission in the present case.

Section 581 (1) of the Code of Civil Procedure provides that the plaintiff may dismiss an action " . . . by written request to the clerk, filed with the papers in the case . . . at any time before the trial. . . . " The phrase "before the trial" as used in this section has been construed to mean "before submission." (*MacDermot* v. *Grant*, 181 Cal. 332 [184 Pac. 396]; *Rutherford* v. *Peppa*, 53 Cal. App. 309 [199

Pac. 1111] ; *Provencher* v. *City of Los Angeles*, 10 Cal. App. (2d) 730 [52 Pac. (2d) 983].) ██ A case is deemed to be under submission when the court, trying the issues without a jury, has heard the evidence and the arguments of counsel and has taken the case under advisement. (*MacDermot* v. *Grant, supra; King* v. *Superior Court*, 12 Cal. App. (2d) 501 [56 Pac. (2d) 268].) Whether or not a case is submitted at the conclusion of the testimony and argument depends upon the terms of the order made by the court. (*Franks* v. *Cesena*, 192 Cal. 1 [218 Pac. 437].)

██ By the order made in the present case, the trial was continued to a later date and the Halper Construction Co. was required to plead as a party defendant. This order is entirely inconsistent with a submission of the case. Indeed, when the appellants' objections to the dismissal were being heard, the trial judge stated that the case had not been finally submitted. And although the practice of dismissing an action during trial upon learning how the judge intends to decide should not be encouraged, the long established rule in this state allows a litigant to do so until the completion of the trial.

The order is affirmed.

Gibson, C. J., Shenk, J., Curtis, J., Houser, J., Carter, J., and Traynor, J., concurred.

Appellants' petition for a rehearing was denied January 19, 1942. Traynor, J., voted for a rehearing.