MIGUEL ANGEL MONTILLA, Petitioner and Appellant, *v.* DISTRICT COURT OF SAN JUAN, Respondent. SAME, Plaintiff and Appellant, *v.* CAROLA HAEUSSLER, Defendant and Appellee.

Nos. 8621 and 8646. Argued January 12, 1943.—Decided February 11, 1943.

*Henry G. Molina* and *Hernán R. Franco* for appellant. *Dubón &
Ochoteco,* and *Otero Suro & Otero Suro* for intervener, defendant
in the main action.

Mr. Chief Justice Del Toro delivered the opinion of the
court.

On January 12th last, a hearing was held of these ap-
peals. They were submitted on the same briefs and the par-
ties argued them jointly through their attorneys.

. The first appeal is taken from an order of Mr. Justice.
Snyder, Judge in Vacation of this court, quashing the writ
of certiorari which had been issued at the request of the
plaintiff in an action of divorce, and the second is an appeal
from an order of the district judge issued in the same suit
of divorce, setting aside an order which in turn had vacated
a judgment by default deciding the case. When the writ of
certiorari was issued, the order appealed from had not yet
been rendered, but it was already rendered at the time that
the district judge was notified of said writ. Therefore, only
one case is involved herein. We have decided thus to con-
sider the questions involved in one opinion, even though we
have to render two separate judgments.

In order to realize exactly what has happened, we shall
set forth the facts. Since there exists a discrepancy of dates

between the transcript of the evidence filed and the original records thereof set up in the certiorari proceeding, we shall follow those of the original records. On July 2, 1942, Miguel A. Montilla, through his attorney Hernán R. Franco, filed a petition for divorce in the District Court of San Juan against his wife Carola Haeussler, on the ground of cruel treatment, alleging that there were two children, Elsa María, four years of age, and Fernando, two years.

The wife was summoned but she failed to answer. On July 14, 1942, the plaintiff moved the clerk of the district court to enter her default and ten days later the case was heard in chambers. Only the plaintiff appeared. Evidence was introduced by the plaintiff and the judge immediately, rendered judgment granting the decree of divorce, and that the children should be kept under the plaintiff's *patria potestas*.

At this stage the defendant appeared in the action and filed a motion seeking the modification of the judgment of July 24, in the sense that "without impairing the right of *patria potestas* granted to the plaintiff over both children had in his marriage with the defendant" she be granted "the custody, care, and attention of said children, under such conditions which the Hon. Court, in the exercise of its discretion, might deem proper in order to insure the welfare, happiness, and safety of said minors." On August 13, 1942, the court ordered that notice of said motion be served on the plaintiff and set the 31st of said month to hear the parties and the evidence which might be adduced. Notice was served on the 14th.

While the hearing of the motion was pending, on August 24, 1942, the plaintiff through his attorneys Hernán R. Franco and Henry G. Molina, filed a motion served on the attorneys for the defendant, praying the court "to set aside the judgment rendered in this case on July 24, 1942." And the court on August 26, rendered an order setting aside said

judgment. Two days later, on August 28, the plaintiff filed another motion abandoning his complaint.

On August 31, the defendant prayed the court to reconsider its order of August 26 and to reinstate the judgment of July 24, 1942, and the court on that very day ordered that the parties be summoned on September 8, to hear them in connection with that motion.

The defendant also filed another motion on August 31, 1942, alleging that the hearing of her motion in connection with the custody of her children had by marriage set for that day had not been held and that said children had always lived with her until August 29 when plaintiff took them with him, for which reason she prayed the court to render an order decreeing that the children should remain under her custody.

When plaintiff was notified on August 21, 1942, by notification of his attorney Molina, that the court had on that day set September 2 for the hearing of the last motion, the attorney objected to the short time granted and alleged that for that date he had a trial in the Federal Court which could not be postponed because the judge thereof intended to leave on a trip.

On September 1, 1942, the defendant filed a motion wherein she alleged her opposition to plaintiff's motion for the dismissal of the action for the reasons stated therein.

On September 2, 1942, the date set for hearing the parties on defendant's motion of August 31, in connection with the custody of the children, the plaintiff filed a motion seeking to set aside the orders of the court of August 31 or in any event to modify them by anticipating the hearing on the motion of reconsideration and postponing the motion on the custody of the children.

The court denied this petition of the plaintiff and decided defendant's motion on the custody of the children on September 2, 1942, as follows:

"Considering the extreme youth of both children and the fact that there is no showing from the record which justifies that the mother should be deprived of their custody and since the plaintiff did not take advantage of the opportunity which this court gave him to present his case timely, the motion of the defendant is granted and the provisional custody of the minors is hereby granted to her, until further order of the court advising the plaintiff that if he fails to comply with the provisions of this order he may be prosecuted for contempt."

Later, on September 8, 1942, the court rendered an order from which this appeal has been taken. The last paragraph thereof, textually copied, reads as follows:

"We believe that we committed error in setting aside the judgment without hearing the defendant, and for that reason our order of August 26, 1942, which in turn vacates our judgment of July 24, 1942, is hereby set aside. There is pending plaintiff's motion seeking the annulment of our judgment of July 24, 1942. If plaintiff had appeared today this motion could have been discussed and decided. In view of plaintiff's absence we prefer not to decide it without hearing him."

We shall not follow the appellant in all the questions which he raised in the certiorari proceeding before the Judge in Vacation. We shall confine ourselves to the lack of jurisdiction on the part of the district judge to render his order of September 2 as to the custody of the children.

Appellant maintained and maintains in substance that from the moment that he filed his motion of August 28 abandoning his complaint, the same became nonexistent and that the court acted without jurisdiction in decreeing within said action that the custody of the children should remain provisionally with the mother.

In our opinion appellant is wrong. His motion for dismissal could not produce the effect for which he contends. Pursuant to the statute and the decisions, even though the court would have set aside its judgment since the trial was

already had, the plaintiff did not have by himself full authority to abandon the action.

"An action may be dismissed . . .," according to §192 of the Code of Civil Procedure, "1. By plaintiff himself, at any time before trial . . . " And it has been held:

"According to section 192 of the Code of Civil Procedure an action may be dismissed or a judgment of nonsuit entered in several cases, the first being by plaintiff himself, at any time before trial, except under certain circumstances not present in this case; and the fourth being by the court when, upon the trial, and before the final submission of the case, the plaintiff abandons it.

"In the first class of cases above cited a plaintiff may move for a nonsuit before trial, and since in this case the plaintiff's motion was filed after trial and after final submission of the case to the court for decision, the court was not authorized to enter the judgment appealed from. *Heilin v. Castro,* 22 Cal. 100; *Casey v. Jordan,* 68 Cal. 246; *MacDermont v. Grant,* 181 Cal. 332; *State v. Riley,* Supreme Court of Missouri, 118 S. W. 647. In the *MacDermont* case, *supra,* and cases there cited, the words 'before trial' are interpreted in the sense of 'before submission,' and it is said that a case is submitted after the court has taken it under advisement for decision upon the closing of the evidence and argument." *Argüelles v. Cosme,* 44 P.R.R. 162, 163.

Furthermore, no action had been taken on said motion. The statute—§192 of the Code of Civil Procedure already cited—provides that "the dismissal mentioned in the first two subdivisions is made by an entry in the secretary's register. Judgment may thereupon be entered accordingly." And in a stronger case it was held:

"It is true that an order was made dismissing the case with costs on motion of the plaintiff, but that order is not final and does not dispose of the case before a judgment is entered, as required by section 192 of the Code of Civil Procedure, which section 'is comprised in Chapter I, Title IX, and deals with such judgments as held in *Page v. Page,* 77 Cal., 83.

"Moreover, this court has repeatedly held that until a final judgment has been entered a matter is not terminated. (See *La Compañía de los Ferrocarriles de Puerto Rico et al. v. La Línea*

*Férrea del Oeste et al.,* 8 P.R.R., 408; *Otero v. Estate of Monroig,* 15 P.R.R., 122; *Cintrón v. Figueroa,* 13 P.R.R., 323.)'' *Hernández v. Blanco et al.,* 17 P.R.R. 546, 548.

The district court therefore acted with jurisdiction in issuing the order of September 2 as to the provisional custody of the children, as was properly decided by the Judge in Vacation, by quashing on September 23, 1942, the writ of certiorari which had been issued. The appeal taken from the decision of said Judge must be denied.

■ Likewise, the appeal taken from the order of the district court of September 8 should also be denied. The jurisdiction to intervene in the suit was clear, as we have just seen, and there has been no showing, in our opinion, that the setting aside of its previous order vacating the judgment was erroneous.

■ After the trial was held and the judgment had been rendered, it was not proper to set it aside at the request of one of the parties alone, without hearing the other interested party or without giving her an opportunity to be heard. 34 C. J. 363. And the order of September 8 was directed toward correcting its error, putting the suit in the same condition as it was directly after judgment had been rendered. The sound discretion with which every court is vested in cases like this was duly exercised. 34 C. J. 364.

As the district court expressly stated in its order appealed from, plaintiff's motion seeking that the judgment be set aside, was again pending decision before the court. The order of provisional custody of the children was rendered in conformity to the circumstances surrounding the case, and it was expressly entered as subject to further order of the court. At that time the divorce decree had been set aside. Nothing had been definitely prejudged in the suit. The doors of the district court were left open to both parties. From the attitude of the district court it is evident that its only wish was to administer justice by giving both parties an equal opportunity.

Both appeals should be denied and the case remanded to the court of origin for further proceedings in conformity with law.

Mr. Justice Snyder did not participate herein.