[S. F. No. 10603   In Bank.—September 12, 1923.]

FRED C. FRANKS, Respondent, v. CIPRIANO CESENA
et al., Appellants.

[1] TRIAL—SUBMISSION OF CASE—DISMISSAL.—Where a case came on
regularly for trial and after the taking of testimony the court
made an order, "And the evidence being closed, it was ordered
that said cause be and the same is hereby submitted to the court
for consideration and decision on briefs 10, 15 and 5 days,"
the submission of the case was not deferred until the filing of the
final brief, and after the order the case had proceeded too far
for a nonsuit upon motion of plaintiff, under subdivision 4 of
section 581 of the Code of Civil Procedure; but as the trial
court had the power to set aside the submission, a judgment of
dismissal, granted by the trial court on motion of the plaintiff,
will not be reversed on appeal, as the reversal would be for a
mere error of procedure in violation of article VI, section 4½,
of the constitution.

APPEAL from a judgment of the Superior Court of San
Mateo County. George H. Buck, Judge. Affirmed.

The facts are stated in the opinion of the court.

Oscar Hudson for Appellants.

John T. Carey for Respondent.

WILBUR, C. J.—This is an appeal from a judgment of
dismissal entered upon plaintiff's application in a suit

brought by him to quiet title. The case is within the appellate jurisdiction of this court, but was inadvertently taken to the district court of appeal, which rendered an opinion and judgment in the matter without observing that the case was within the appellate jurisdiction of the supreme court. For that reason an application to this court for transfer and hearing was granted.

The dismissal in this case was made by the court upon motion of the plaintiff's attorney after a declaration by the plaintiff that he abandoned the case and the authority of the court to dismiss the case under the circumstances is predicated upon subdivision 4 of section 581 of the Code of Civil Procedure, which reads as follows: "By the court, when, upon the trial and before the final submission of the case, the plaintiff abandons it."

The case came on for trial on November 22, 1921. The minutes of the court recite that the case came on regularly for hearing on that day; that an amended complaint was filed; that witnesses were examined and the minutes state the order of the court as follows: "And the evidence being closed, it was ordered that said cause be and the same is hereby submitted to the Court for consideration and decision on briefs of 10, 15 and 5 days." On the thirtieth day of November, 1921, the plaintiff filed with the clerk the following document: "Now comes plaintiff in the above-entitled cause, and while upon the trial and before the final submission of the case hereby abandons said cause." On that date notice was served by the plaintiff upon the attorneys for the defendants of the filing of said abandonment and stating that "the plaintiff hereby abandons the above-entitled matter and will on Monday the 12th of December, 1921, at 10:00 o'clock A. M. of said day move for an order dismissing the cause as provided in Section 581, Subdivision 4 of the Code of Civil Procedure." The grounds of said motion stated in said notice and the affidavits filed in connection therewith show that plaintiff's purposed abandonment of the case resulted from his conclusion that the defendants' case was so wholly without merit that a proceeding to quiet title against the defendants was futile and unnecessary. On December 15th the court made the following order: "Motion to dismiss action submitted Dec. 15th, 1921, and it appearing to the Court that the above case was only submitted for argument the motion to dismiss is granted."

[1] The question is whether or not the dismissal was entered "before the final submission of the case" and this question turns upon the form of the order made at the time the taking of testimony was concluded. We are unable to distinguish this case from the case of *Casey* v. *Jordan*, 68 Cal. 245, 247 [9 Pac. 92], where it is said: "The first action was tried in the court below, and submitted to the court for decision upon the briefs to be filed by the respective parties; and in that condition of the case the court, on motion of the plaintiffs, caused to be entered in the minutes an order dismissing the action without prejudice to another. Two days afterwards the order of dismissal was vacated by the court on motion of the defendants in the action. In the meantime the second action was commenced.

"The order of dismissal was invalid, for after the cause had been regularly tried and submitted for decision, it could not be dismissed on plaintiffs' motion (*Heinlin* v. *Castro*, 22 Cal. 102). The order of dismissal was therefore rightly vacated and the suit carried to judgment."

The question of whether or not the case is submitted at the conclusion of the testimony depends upon the terms of the order made at that time. There is no doubt that the court could reserve the order of submission until after the filing of briefs or could provide in the order of submission that the case should stand submitted upon the filing of the closing brief, but where the order reads as in this case, "it was ordered that said cause be and the same is hereby submitted to the Court for consideration and decision on briefs of 10, 15 and 5 days," the submission of the case is not deferred until the filing of the final brief, and it was expressly so held in *Casey* v. *Jordan, supra*.

It is clear that the plaintiff in his so-called abandonment of his action did not intend to admit the title of the defendants, or to submit to a judgment in their favor. On the contrary, the plaintiff asserted his intention to abandon the case because he was so well satisfied with his title that he deemed a confirmation of that title by order of court entirely unnecessary. It would, therefore, be unfair to the plaintiff to construe the judgment of dismissal in this case as anything more than a mere nonsuit by consent. The case had proceeded too far for such a nonsuit upon motion of plaintiff, having been submitted for decision. The court, however, still had power to vacate the order of submission and

upon vacating such order to grant the plaintiff's motion to dismiss the case. If this judgment of dismissal is reversed, it would simply mean that the court could then vacate its order of submission and thereupon dismiss the case, and the result would show that we had reversed the case for a mere error of procedure not going to the merits of the case and in violation of article VI, section 4½, of the constitution. The order actually made by the trial court was as follows: "Motion to dismiss action submitted Dec. 15th, 1921, and it appearing to the Court that the above case was only submitted for argument the motion to dismiss is granted." We are inclined to hold upon the appeal that the trial court having treated its order of submission as a mere continuance of the case for further argument would be justified in vacating the order of submission and thereafter dismissing the case upon the plaintiff's application. This being true, nothing would be accomplished by the reversal of the case.

Judgment affirmed.

Lennon, J., Seawell, J., Lawlor, J., Kerrigan, J., and Waste, J., concurred.