Filed 4/17/18

**CERTIFIED FOR PUBLICATION**


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR


| | |
|---|---|
| ACHIKAM SHAPIRA, | B283445 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No.BC586445) |
| v. | |
| LIFETECH RESOURCES, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Elizabeth Allen White, Judge.  Reversed and remanded with instructions.

Kilpatrick Townsend & Stockton, Emil W. Herich for Plaintiff and Appellant.

Conkle, Kremer & Engel, John A. Conkle, Amanda R. Washton for Defendant and Respondent.

# INTRODUCTION

Appellant Achikam Shapira sued his former employer, Lifetech Resources, LLC, for breach of an employment contract. The case proceeded to a bench trial; the parties presented their evidence and rested. The parties and court agreed that the parties would submit closing arguments in written briefs. Before Shapira submitted his closing argument brief, he requested that the court dismiss the case pursuant to Code of Civil Procedure, section 581, subdivision (e) (section 581(e)), which provides, "After the actual commencement of trial, the court shall dismiss the complaint . . . with prejudice, if the plaintiff requests a dismissal . . . ."

The court denied Shapira's request to dismiss the case. After the parties filed their closing argument briefs, the court entered a statement of decision and judgment in Lifetech's favor. The court also held that Lifetech was the prevailing party pursuant to Civil Code section 1717, and awarded costs and $137,000 in attorney fees to Lifetech.

Shapira appealed the order awarding attorney fees. He argues that the court should have dismissed the case under section 581(e), and therefore the court's award of attorney fees was erroneous under Civil Code section 1717, subdivision (b)(2) (section 1717(b)(2)), which states, "Where an action has been voluntarily dismissed or dismissed pursuant to a settlement of the case, there shall be no prevailing party for purposes of this section."

We agree with Shapira and reverse. Section 581(e) provides a right to dismiss a case before the completion of trial, and the court erred by refusing to dismiss the case upon

2

Shapira's request. As such, there was no prevailing party under section 1717(b)(2), and the attorney fees award was erroneous.

## FACTUAL AND PROCEDURAL BACKGROUND

Shapira filed a complaint for breach of contract on June 26, 2015. He alleged that he and Lifetech entered into a written contract on March 1, 2015, to "retain the services of [Shapira] as a consultant and its director of international development" for one of Lifetech's products. Shapira alleged that the "contract provided that the contract shall not be terminated without substantial cause for a period of eight months and/but thereafter either party could terminate the contract on sixty (60) days written notice." He further alleged that on April 15, 2015, Lifetech "breached the contract by terminating the contract without substantial cause." Shapira asserted that he was entitled to eight months' compensation, loss of commissions, and other damages.

The case proceeded to a four-day bench trial on December 15, 16, 19, and 20, 2016. The facts of the case are not relevant to the issues on appeal, and therefore we do not recount them here. On the third day of trial, the court asked the parties whether they wanted to do closing arguments orally or in written briefs; Shapira's counsel stated that the parties had agreed to submit written briefs. The following day, at the end of the presentation of evidence, the parties and court agreed that Shapira's closing argument brief would be due January 3, Lifetech's closing argument brief would be due January 17, and Shapira's reply would be due January 24, 2017. The court then stated, "The matter will stand submitted – upon receipt of the reply, the matter will stand submitted." Shapira's counsel asked, "As of the

3

reply brief?" The court responded, "As of the reply brief." The proceedings concluded shortly thereafter.

Ten days later, on December 30, 2016, the parties filed a stipulation to adjust the briefing schedule due to an emergency in Shapira's counsel's family. The parties agreed that Shapira's brief would be due January 10, Lifetech's brief would be due January 24, and Shapira's reply would be due January 31, 2017.

On January 6, Shapira filed an ex parte application requesting that the case be dismissed with prejudice. The application stated, "Plaintiff has elected to exercise his right to voluntarily dismiss the action with prejudice pursuant to California Code of Civil Procedure section 581(e)."[1]

Lifetech opposed the ex parte application. It said that Lifetech made numerous attempts to settle the case before trial, but Shapira refused to settle. The case thus proceeded to a full trial, which was complete except for closing argument briefing. When Shapira's counsel informed Lifetech's counsel that Shapira wanted to dismiss the case, Lifetech asked Shapira to agree that the dismissal was not "voluntary" for purposes of section 1717(b)(2). Shapira refused. Lifetech argued that the dismissal was "a transparent attempt to avoid the 'prevailing party's' contractual right to attorney's fees." Lifetech argued that the right to dismiss is extinguished once a case has been "submitted at trial." Lifetech said that section 1717(b)(2) was intended to

---

[1] Section 581(e) states, "After the actual commencement of trial, the court shall dismiss the complaint, or any causes of action asserted in it, in its entirety or as to any defendants, with prejudice, if the plaintiff requests a dismissal, unless all affected parties to the trial consent to dismissal without prejudice or by order of the court dismissing the same without prejudice on a showing of good cause.."

encourage plaintiffs to dismiss contract litigation that lacks merit, and "[h]ere, [Shapira] had multiple opportunities to dismiss this action, and even accept a settlement prior to trial, yet . . . forced Lifetech to defend its case at trial . . . . Should the Court allow Shapira to 'voluntarily dismiss this case after all four days of trial and after all of the evidence was submitted by the parties, in order to avoid his contractual duties, the entire purpose of this statute would be annihilated."

The court denied Shapira's request to dismiss at a hearing on January 6, 2017. The minute order does not include a statement explaining the reasons for the court's decision, and there is no reporter's transcript in the record on appeal.

Shapira filed a document titled "Plaintiff's Notice of Voluntary Dismissal" on January 10, 2017. He acknowledged that the court had denied his previous request, but stated that he wanted to create a record for appeal and therefore "respectfully submits this notice of renewed voluntary dismissal of [the] case." Shapira again relied on section 581(e),[2] and argued that voluntary dismissal is available any time before closing arguments are complete. In a declaration supporting the request, Shapira's counsel stated that at the time Shapira initially requested dismissal, "the Court had not ruled on the merits of the action and no request for involuntary dismissal had been made or was pending." Shapira filed his closing argument brief the same day.

---

[2] The document title is "Plaintiff's Notice of Voluntary Dismissal [C.C.P. § 581(d)(e)]." This appears to be a typographical error; the only subdivision of section 581 cited or quoted in the document is subdivision (e).

5

Lifetech filed an opposition to Shapira's renewed request for dismissal, arguing that it was an attempt to circumvent the court's previous order denying the request. On January 20, the trial court issued a minute order stating that Lifetech's "objection is sustained. [Shapira's] Notice of Voluntary Dismissal filed January 10, 2017 is rejected – the Court previously denied Plaintiff's ex parte application for dismissal on January 6, 2017."

Lifetech filed its closing argument brief as scheduled, and Shapira filed his reply. On February 9, 2017, the court issued a tentative statement of decision holding that Shapira failed to perform under the contract and failed to demonstrate that Lifetech breached the contract, and Lifetech was entitled to costs and attorney fees. Lifetech and Shapira each requested a statement of decision, and Shapira objected to several of the findings in the tentative ruling. The court overruled Shapira's objections, and issued a final statement of decision finding for Lifetech and awarding Lifetech costs and attorney fees. The court entered judgment on March 17, 2017, awarding Lifetech costs and attorney fees in an amount to be determined.

Lifetech filed a motion seeking $167,046.50 in attorney fees and $15,638 in costs. It argued that the contract provided that in the event of legal action, the prevailing party was to recover all costs and expenses, including attorney fees. Lifetech asserted that it was the prevailing party under Civil Code section 1717.

Shapira opposed Lifetech's motion. Again Shapira argued that he had an absolute right to voluntarily dismiss the case before final arguments were complete. He asserted that "the right to voluntarily dismiss terminates once the action has proceeded to a determinative adjudication," but "the plaintiff has the absolute right to dismiss the case prior to submission."

6

Shapira argued that the case had not been "submitted" to the court because the parties had not yet filed their closing argument briefs, and said, "Given [Shapira's] absolute right to dismiss, and his timely request for dismissal prior to submission of the matter, the Court should deny [Lifetech's] motion for attorney's fees pursuant to California Civil Code section 1717(b)(2) which precludes an award of attorney's fees where the plaintiff has voluntarily dismissed his action prior to an adjudication on the merits having been rendered." Shapira also argued that the amount of fees Lifetech requested was unreasonable.

At the hearing on Lifetech's motion, Shapira's counsel cited a Rutter Group practice guide entry that said, "'[I]f you go to trial but find things going badly for your client, consider a voluntary dismissal rather than proceeding to judgment. Even though the dismissal will be with prejudice at this point because during trial it may still save your client a lot of money in attorney's fees.'"[3] The parties also presented arguments about whether the requested attorney fees were reasonable.

In ruling on the motion, the court stated, "Let me address this issue of the dismissal. And I want to be perfectly clear here. Counsel opted to brief the closing as opposed to doing the closing in open court, which made sense. There was a fair amount of evidence. She had the time to do it. That, in no way, suggests that the matter was submitted. There is no submission here." The court continued, "So, when we talk about trying to voluntarily dismiss something in between the time that the evidence is submitted to the court, and the time that closing briefs arrive, I can't imagine – I can't imagine under any

---

[3] It appears counsel was citing Weil & Brown, Cal. Prac. Guide: Civ. Pro. Before Trial (The Rutter Group 2017) ¶ 11:39.5.

7

circumstance that you could just voluntarily dismiss – well, it looks like a losing battle here, so I am going to avoid the attorney's fees – that's just sabotage. It is sandbag. It is improper." The court later added, "We had had a full trial, and you want to come in at the last minute recognizing that, perhaps, your client is in peril and avoid the attorney's fees? No." Counsel for Shapria noted that the Rutter Group practice guide said dismissal under the circumstances was allowed, and the court responded, "I think your interpretation of Rutter under these facts is inapposite. So, in any event, I think the attorney's fees are appropriate. There was a great deal of work that went into this case. I have reduced the attorney's fees in light of the fact that I did find some excess, but I think [$] 137,000 is reasonable."

The court therefore granted Lifetech's motion and awarded $137,000 in attorney fees. Shapira timely appealed.

## DISCUSSION

This appeal presents a single issue: Did Shapira have a right to voluntarily dismiss his case after the parties rested but before closing arguments were complete? If Shapira did have the right to voluntarily dismiss the case at that stage of trial, the court erred by denying the dismissal. If the court erred, then pursuant to the terms of section 1717(b)(2), Lifetech was not the prevailing party and attorney fees should not have been awarded.

The facts are not in dispute, and therefore the only question before us is the application of law to the facts. Under these circumstances, our review is de novo. (See *321 Henderson Receivables Origination LLC v. Red Tomahawk* (2009) 172 Cal.App.4th 290, 301 ["Where the facts are undisputed, we review de novo the superior court's denial of a request for dismissal under section 581."]; *Carver v. Chevron U.S.A., Inc*.

(2002) 97 Cal.App.4th 132, 142 ["[A] determination of the legal basis for an attorney fee award is a question of law to be reviewed de novo."].)

Code of Civil Procedure section 581 sets out the circumstances in which a plaintiff may voluntarily dismiss a case, and when such a dismissal may be deemed without prejudice. For example, subdivision (b)(1) says that an action may be dismissed with or without prejudice "upon written request of the plaintiff to the clerk . . . or by oral or written request to the court at any time before the actual commencement of trial."[4] Subdivision (d) states that a court "shall" dismiss a complaint with prejudice, "when upon the trial and before the final submission of the case, the plaintiff abandons it." And subdivision (e) says, "After the actual commencement of trial, the court shall dismiss the complaint, or any causes of action asserted in it, in its entirety or as to any defendants, with prejudice, if the plaintiff requests a dismissal. . . ." In his ex parte request and later "notice of voluntary dismissal," Shapira requested that the court dismiss the case pursuant to section 581(e).

---

[4] The court in *Franklin Capital Corp. v. Wilson* (2007) 148 Cal.App.4th 187, 194 (*Franklin Capital*), noted that "a substantial and fairly complex body of case law" addresses the limits of voluntary dismissal under section 581, most of which involves how to properly define the "commencement of trial" in section 581, subdivision (b), to determine when a voluntary dismissal may be entered *without* prejudice. Because this case involves neither a dismissal without prejudice nor issues involving the commencement of trial, much of this "complex body of case law" is inapplicable here.

9

Below and on appeal, the parties focus on whether the case had been "submitted" at the time Shapira requested dismissal, reasoning that "submission" of the case marks the end of the time frame in which a plaintiff may voluntarily dismiss a case. This line of reasoning seems to be based on language in section 581, subdivision (d), which states that dismissal is warranted where plaintiff has "abandoned" a case "upon the trial and before the final submission of the case."

We are not convinced that the language of subdivision (d) controls here. Shapira requested dismissal of the case under section 581(e), not subdivision (d).[5] However, because the parties reasonably assume there is an outer limit within which a plaintiff may dismiss a case under section 581(e), and they assume that "submission" defines that outer limit, we too will assume without deciding that a plaintiff may dismiss a case under section 581(e) at any time before the case has been submitted.

The question therefore becomes whether the case had been submitted at the time Shapira requested dismissal. It had not. California Rules of Court, rule 2.900(a)—which neither party cites—is titled "Submission of a cause in a trial court." It states that a "cause is deemed submitted" in the earlier of two circumstances: when "[t]he . . . court orders the matter submitted," or on "[t]he date the final paper is required to be filed or the date argument is heard, whichever is later." The California Supreme Court has stated, "A case is deemed to be

---

[5] Throughout its respondent's brief, Lifetech focuses almost exclusively on section 581, subdivision (d). Lifetech does not offer any explanation for focusing on this subdivision rather than subdivision (e), which Shapira clearly relied upon in both requests for dismissal and in his opening brief.

under submission when the court, trying the case without a jury, has heard the evidence *and the arguments of counsel* and has taken the case under advisement." (*Jalof v. Robbins* (1941) 19 Cal.2d 233, 235 [italics added].)

The record demonstrates that the court had not ordered the matter submitted when Shapira first requested dismissal. When the parties rested at the end of trial and discussed the schedule for filing their closing argument briefs, the court said, "[U]pon receipt of the reply, the matter will stand submitted." Later, at the hearing on Lifetech's motion for attorney fees, the court said, "I want to be perfectly clear here. Counsel opted to brief the closing as opposed to doing the closing in open court, which made sense. . . . That, in no way, suggests that the matter was submitted. There is no submission here." Moreover, when Shapira requested dismissal, closing arguments were not complete and the date to file the "final paper" had not passed. (Cal. Rules of Court, rule 2.900(a).) As a result, the case had not been submitted. Assuming that "submission" of a case marks the latest time that a plaintiff may voluntarily dismiss the case under section 581(e), that deadline had not yet passed.

Lifetech asserts that nevertheless, "the Court has discretion to determine that a request for voluntary dismissal is untimely." This contention is not supported by the statutory language or the case law Lifetech cites. Section 581(e) states that after commencement of trial, a court "shall dismiss the complaint . . . with prejudice, if the plaintiff requests a dismissal." The use of "shall" in the statute suggests that dismissal is mandatory.[6]

---

[6] By comparison, section 581, subdivision (f) states that a court *may* dismiss a complaint under certain circumstances, and thus the decision to dismiss under that subdivision rests in the

11

(See, e.g., *Tarrant Bell Property, LLC v. Superior Court* (2011) 51 Cal.4th 538, 542 ["Under 'well-settled principle[s] of statutory construction,' we 'ordinarily' construe the word 'may' as permissive and the word 'shall' as mandatory, 'particularly' when a single statute uses both terms."].)  Section 581(e) states that a court has discretion to dismiss a case *without prejudice* upon a showing of good cause, but nothing in the statute suggests that a court has discretion to refuse to dismiss the case entirely.

Case law also does not support Lifetech's contention that dismissal under section 581(e) is discretionary.  For example, Lifetech cites *Bank of America, N.A. v. Mitchell* (2012) 204 Cal.App.4th 1199 (*Mitchell*), in which the plaintiff bank filed a complaint, the defendant demurred, and the trial court sustained the demurrer without leave to amend.  The plaintiff bank then filed a request for dismissal, which apparently was denied.  (*Id.* at p. 1210.)  The court granted the defendant's request for attorney fees.  On appeal, the bank argued that the trial court should not have awarded attorney fees, because the bank had a right to dismiss the case under section 581, subdivision (b)(1), which addresses the right to dismiss a case before trial.  (*Id.* at p. 1209.)  This Division held that "the Bank no longer had the right to voluntarily dismiss under section 581," because "the trial court

sound discretion of the trial court.  (See, e.g., *Gitmed v. General Motors Corp.* (1994) 26 Cal.App.4th 824, 827.)  In addition, although section 581, subdivision (d) also states that the court "shall" dismiss a case if the plaintiff abandons it, Witkin states that "a motion to dismiss under C.C.P. 581(d) is addressed to the *court's discretion*."  (6 Witkin, Cal. Procedure (5th ed. 2008) Dismissal on Abandonment, § 312.)  Witkin notes that the "theoretical basis of this distinction is not entirely clear," and cites cases that predate the modern version of section 581.

had already made a determinative adjudication on the legal merits of the Bank's claim." (*Id*. at p. 1210.) The court further explained that "the trial court had already sustained Mitchell's demurrer without leave to amend, and thus judgment against the Bank had already 'ripened to the point of inevitability.'" (*Id*. at p. 1212.) As a result, "the Bank no longer had the right to voluntarily dismiss its action, either with or without prejudice." (*Ibid*.) This case is inapposite, because here the court did not rule on the merits of the case before Shapira sought to dismiss it.[7]

Lifetech also cites *Vanderkous v. Conley* (2010) 188 Cal.App.4th 111 (*Vanderkous*), which involved a property dispute. "Following a three-day court trial and the filing of closing briefs from both sides, the matter was deemed submitted on March 10, 2008. On May 30, 2008, the court filed its statement of decision and ordered Conley to execute a quitclaim deed in favor of Vanderkous." (*Id*. at p. 115.) The court also made several fact determinations about lot lines, easements, and ownership of various portions of the disputed property. (*Ibid*.) The parties were directed to submit appraisals to assist the court in reaching a final determination of the amount Vanderkous was to pay Conley; they did. (*Ibid*.) Vanderkous asked for an

---

[7] The court in *Franklin Capital, supra,* noted that many cases involving section 581, subdivision (b) involve the "mere formality test," which dictates that a plaintiff may not voluntarily dismiss a case without prejudice once there has been a "public and formal indication by the trial court of the legal merits of the case," or there has been "some procedural dereliction by the dismissing plaintiff that made dismissal otherwise *inevitable*." (*Id*. at p. 200.) The parties do not assert here that the court had ruled on or opined about the merits of the case before Shapira sought to dismiss.

13

evidentiary hearing regarding the appraisals, then filed a request for dismissal with prejudice, which the court clerk entered. (*Ibid*.)  The trial court found that the dismissal was void because it did not comply with section 581 and Vanderkous's appraisal did not comply with the court's orders; the court awarded Conley the amount listed in her appraisal.  (*Id*. at pp. 115-116.)

On appeal, Vanderkous argued that the court should not have set aside his dismissal, because submission of the case was effectively vacated when the court requested evidence on the value of parts of the property.  (*Vanderkous, supra*, 188 Cal.App.4th at p. 117.)  The Court of Appeal rejected this contention, stating that nothing in the record "demonstrates any intention on the part of the trial court to vacate submission of the case."  (*Ibid*.)  The court also noted that case law did not support the assertion that submission of a cause could be "vacated by implication merely because the trial court ordered post-submission evidentiary proceedings."  (*Id*. at p. 118.)  The court concluded that Vanderkous did not have a right to dismiss his case after it had been submitted and decided by the trial court. As with *Mitchell*, the reasoning of *Vanderkous* is not applicable here because the court had not ruled on the merits of the case at the time Shapira sought to dismiss.

Lifetech also cites *Franks v. Cesena* (1923) 192 Cal. 1, which relied on a trial court order to determine that the case had been submitted.  There, a quiet title action was tried before the court.  The court minutes stated, "'And the evidence being closed, it was ordered that said cause be and the same is hereby submitted to the court for consideration and decision on briefs of 10, 15 and 5 days.'"  (*Id*. at p. 2.)  The plaintiff later attempted to dismiss the case, and the question before the Supreme Court was

14

"whether or not the dismissal was entered 'before the final submission of the case.'" (*Id*. at p. 3.) The Court held that the court's order made it clear that the case had been submitted at the close of evidence, not when the final briefs were filed: "The question of whether or not the case is submitted at the conclusion of the testimony depends upon the terms of the order made at that time. There is no doubt that the court could reserve the order of submission until after the filing of briefs, or could provide in the order of submission that the case should stand submitted upon the filing of the closing brief, but where the order reads as in this case, 'it was ordered that said cause be and the same is hereby submitted to the Court for consideration and decision on briefs of 10, 15 and 5 days,' the submission of the case is not deferred until the filing of the final brief." (*Id*. at p. 3.)

Lifetech argues that Shapira's dismissal was void because the trial court "did not determine at the close of trial that it would defer the final submission of the case until after the closing briefs; it issued its order 'deeming' the matter already submitted at the 1/13/17 ex parte application hearing; and it reiterated its decision at the attorney's fees hearing." The only record citations for these statements are to Lifetech's own notice of ruling and a declaration by Lifetech's counsel. There is no indication from the court itself that this was its holding. Indeed, these assertions directly contradict the court's own statements. At the close of trial, the court said, "[U]pon receipt of the reply brief, the matter will stand submitted." And to ensure there was no confusion about that issue, the court stated at the attorney fees hearing that the parties' choice to present closing arguments in briefs "in no way, suggests that the matter was submitted. There is no submission here."

15

It is clear, therefore, that the trial court did not deny Shapira's request to dismiss on the basis that the case had been "submitted" at the time Shapira requested to dismiss. Instead, the court appears to have denied Shapira's dismissal request on fairness grounds based on the anticipated award of attorney fees under section 1717. The court noted that there had been a full trial, and stated, "I can't imagine under any circumstance that you could just voluntarily dismiss – well, it looks like a losing battle here, so I am going to avoid the attorney's fees – that's just sabotage. It is sandbag. It is improper." The court also stated, "I think the attorney's fees are appropriate. There was a great deal of work that went into this case."

Although the court's position is understandable from a fairness perspective, its reliance on Shapira's rationale in refusing to dismiss the case was erroneous under the law. "The question of whether a plaintiff's voluntarily dismissal is timely under section 581 depends upon—and must remain tethered to—a reasonable construction and application" of the statutory language, and "a plaintiff's subjective lack of good faith in seeking a dismissal does not, by itself, terminate the statutory right to dismiss." (*Lewis C. Nelson & Sons, Inc. v. Lynx Iron Corp*. (2009) 174 Cal.App.4th 67, 78.) The court criticized what it perceived to be Shapira's motives in seeking to dismiss the case, but this is not a valid basis for denying a request for dismissal. (See, e.g., *Gogri v. Jack In The Box Inc*. (2008) 166 Cal.App.4th 255, 265, fn. 8 (*Gogri*) ["an objective, not a subjective, standard should apply in determining the timeliness of a section 581 voluntary dismissal."].)

The court therefore erred by awarding attorney fees to Lifetech as prevailing party. Because the case should have been

16

dismissed, section 1717(b)(2) barred an award of attorney fees: "Where an action has been voluntarily dismissed or dismissed pursuant to a settlement of the case, there shall be no prevailing party for purposes of this section." A trial court lacks discretion to award fees under section 1717(b)(2) where a case has been voluntarily dismissed. (See, e.g., *Gogri, supra,* 166 Cal.App.4th at p. 274; *Mesa Shopping Center-East, LLC v. Hill* (2014) 232 Cal.App.4th 890, 903.)

Section 1717(b)(2) helps "encourage parties to dismiss pointless litigation." (*Ford Motor Credit Co. v. Hunsberger* (2008) 163 Cal.App.4th 1526, 1531.) Had the Legislature intended section 1717(b)(2) to apply only to *pretrial* dismissals, or to otherwise set a time limitation cutting off the application of section 1717(b)(2), we assume it would have stated as much. As section 1717(b)(2) exists now, there is no such limitation. The parties have not cited any authority, and we have found none, holding that section 1717(b)(2) does not apply after the commencement of trial.

As Shapira points out, this case is similar to *Marina Glencoe v. Neue Sentimental Film AG* (2008) 168 Cal.App.4th 874 (*Marina Glencoe*), a breach of lease case. There, the trial court bifurcated the trial into stages to determine alter ego allegations and damages. After the plaintiff rested in the alter ego phase, the defendant moved for judgment pursuant to Code of Civil Procedure section 631.8. The court heard argument on the motion but did not rule; the following day, the plaintiff filed a dismissal of the case with prejudice. (*Id*. at p. 876.) The defendant moved for attorney fees as prevailing party, and the trial court denied the motion. (*Id*. at pp. 876-877.)

17

This Division held that the dismissal and denial of attorney fees was appropriate. We acknowledged the case law holding that attempts to dismiss a case *without* prejudice under section 581, subdivision (b) may be inappropriate where the court has indicated that a case will be terminated in the defendant's favor. However, "[u]nlike the plaintiffs in those cases, respondent filed a voluntary dismissal *with* prejudice. Its intent was to end the litigation, not to manipulate the judicial process to avoid its inevitable end. This was entirely proper." (*Marina Glencoe, supra*, 168 Cal.App.4th at p. 878.) We also pointed out that section 1717 does not include "an intent to punish a party by awarding attorney fees," but instead "specifically contemplates the voluntary dismissal of an action as an exception to an award of fees to the prevailing party." (*Id*. at p. 879.)

The same reasoning is applicable here. Shapira voluntarily dismissed his case after the commencement of trial, and before the case had been submitted to the court for decision. The court did not state that the case was under submission, and it had not given any indication that it was inclined to rule against Shapira on the merits. Shapira had a right to dismiss the case under section 581(e), and as a result, pursuant to section 1717(b)(2) Lifetech was not a prevailing party entitled to attorney fees. The court erred by refusing to honor Shapira's dismissal, and by awarding Lifetech attorney fees as prevailing party.

18

**DISPOSITION**

The order of the court awarding attorney fees is reversed, and the case is remanded for further proceedings consistent with this opinion.  Shapira is entitled to costs on appeal.

**CERTIFIED FOR PUBLICATION**


COLLINS, J.

We concur:


WILLHITE, Acting P. J.


MANELLA, J.

19