Filed 10/28/25  Sheriff v. St. Anton Multifamily CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| ABRAHAM SHERIFF, | C101931 |
| Plaintiff and Appellant, | (Super. Ct. No. 34-2021-00310118-CU-BC-GDS) |
| v. | |
| ST. ANTON MULTIFAMILY, INC., | |
| Defendant and Respondent. | |

In this landlord-tenant action, plaintiff Abraham Sheriff, proceeding as a self-represented litigant, appeals from the judgment of dismissal entered in favor of defendant St. Anton Multifamily, Inc. (St. Anton) under Code of Civil Procedure section 581, subdivision (d),[1] which authorizes the dismissal of a complaint with prejudice when "the plaintiff abandons it."  Sheriff argues the trial court erroneously dismissed his complaint

---

[1]  Undesignated statutory references are to the Code of Civil Procedure.

1

with prejudice based on his failure to appear in person on the first day of trial as ordered, and that the court erred in denying him a continuance. Disagreeing, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

*Factual Background*

Beginning in November 2020, Sheriff was the tenant/lessee of an apartment in Sacramento. St. Anton was the owner (i.e., landlord/lessor) of the premises.

In June 2021, Sheriff hired a "certified professional mold specialist" to inspect his apartment after he experienced pain in his lungs, dizziness, and fatigue. The inspection revealed a high level of toxic mold that "needed to be professionally remediated expeditiously." Sheriff informed St. Anton about the mold and requested a full refund of his deposit and the rent he had paid, plus compensation for "compromised porous items" (e.g., mattress). St. Anton denied there was any mold in Sheriff's apartment. In August 2021, Sheriff "terminated his lease" by giving notice of his "intention to vacate."

*Procedural Background*

In October 2021, Sheriff, proceeding as a self-represented litigant, filed suit against St. Anton, alleging five causes of action: (1) violation of the implied warranty of habitability; (2) negligent infliction of emotional distress; (3) refusal to abate nuisance; (4) breach of contract and "scienter"; and (5) unlawful constructive eviction. Each of these claims was predicated on St. Anton's refusal to disclose and/or intentional concealment of "the hazardous [m]old condition." In August 2022, the trial court scheduled trial to commence in June 2024.

Nearly two years later, in May 2024, the trial court granted the parties' request for a trial continuance, scheduling trial to commence on August 19, 2024. In support of his request for a continuance, Sheriff explained (via a written filing) that he was homeless and needed additional time to retain counsel (including saving money to pay for counsel) and to prepare. Sheriff made it clear that he could not proceed to trial without counsel.

2

On August 19, 2024, Sheriff did not appear in person for the first day of trial. Instead, he appeared remotely and orally requested a continuance to retain counsel and present a new witness and new exhibits. Finding no good cause for a continuance, the trial court denied Sheriff's request and ordered the parties to appear later that day *in person* for trial. St. Anton appeared as ordered but Sheriff did not. As a consequence, the trial court dismissed Sheriff's complaint with prejudice. In issuing a judgment of dismissal, the court stated:

"Based on [Sheriff's] failure to appear for trial, [St. Anton] moved for dismissal. The Court noted section 581[, subdivision] (b)(5) . . ., which provides: 'An action may be dismissed in any of the following instances: . . . By the court, without prejudice, when either party fails to appear on the trial and the other party appears and asks for dismissal.'

"[St. Anton] requested dismissal with prejudice, noting the Presiding Judge had just denied [Sheriff's] motion to continue the trial date and ordered [Sheriff] to appear personally in Department 38. The Court notes that section 581[, subdivision] (d) . . . provides in pertinent part: '[T]he Court shall dismiss the complaint . . . in its entirety or as to any defendant, with prejudice, when upon the trial and before the final submission of the case, the plaintiff abandons it.' The Court finds that section 581[, subdivision] (d) applies here. Not only did [Sheriff] have notice of the trial date, [Sheriff] failed to appear after having been ordered to appear 'in person' in Department 38 for trial. Moreover, that failure to appear came after the Presiding Judge had denied [Sheriff's] motion to continue the trial, having found 'no good cause.' "

Sheriff filed a timely notice of appeal. The matter was fully briefed in July 2025 and assigned to this panel in August 2025.

## DISCUSSION

### I

*Appellate Rules of Procedure*

"It is well settled . . . that a party challenging a judgment has the burden of showing reversible error by an adequate record." (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574.) " ' "A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' " (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609 (*Jameson*) [failure to provide an adequate record on an issue requires that the issue be resolved against the appellant]; see *Jade Fashion & Co., Inc. v. Harkham Industries, Inc*. (2014) 229 Cal.App.4th 635, 644 ["Where the appellant fails to provide an adequate record of the challenged proceedings, we must presume that the appealed judgment or order is correct, and on that basis, affirm"].) "[A] record is inadequate, and appellant defaults, if the appellant predicates error only on the part of the record he provides . . ., but ignores or does not present to the appellate court portions of the proceedings below which may provide grounds upon which the decision of the trial court could be affirmed." (*Uniroyal Chemical Co. v. American Vanguard Corp.* (1988) 203 Cal.App.3d 285, 302; see *Pringle v. La Chapelle* (1999) 73 Cal.App.4th 1000, 1003 [issues raised without the provision of an adequate appellate record for us to evaluate them are "deemed waived"].)

California Rules of Court, rule 8.120(b)[2] provides: "If an appellant intends to raise any issue that requires consideration of the oral proceedings in the superior court, the record on appeal must include a record of these oral proceedings in the form of one of the following: [¶] (1) A reporter's transcript under rule 8.130; [¶] (2) An agreed statement under rule 8.134; or [¶] (3) A settled statement under rule 8.137." Here,

---

[2] Further rule references are to the California Rules of Court.

Sheriff has elected to proceed with a clerk's transcript only. As a result, his appeal is treated as "an appeal on the judgment roll." (*Allen v. Toten* (1985) 172 Cal.App.3d 1079, 1082; *id*. at pp. 1082-1083.) In reviewing such an appeal, "we ' "must conclusively presume that the evidence is ample to sustain the [trial court's] findings," ' " and our "review is limited to determining whether any error 'appears on the face of the record.' " (*Nielsen v. Gibson* (2009) 178 Cal.App.4th 318, 324-325.)

"[T]he absence of a court reporter at trial court proceedings and the resulting lack of a verbatim record of such proceedings will frequently be fatal to a litigant's ability to have his or her claims of trial court error resolved on the merits by an appellate court. This is so because it is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment. [Citations.] 'This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' [Citation.] 'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court. "[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented." ' " (*Jameson, supra*, 5 Cal.5th at pp. 608-609.)

Appellant has the burden of overcoming the presumption of correctness (*Jameson*, *supra*, 5 Cal.5th at p. 609), which includes the obligation to present argument and legal authority on each point raised. This requires more than simply stating a bare assertion that the judgment is erroneous and leaving it to the appellate court to figure out why; it is not the appellate court's role to construct theories or arguments that would undermine the judgment and defeat the presumption of correctness. (*Dilbert v. Newsom* (2024) 101 Cal.App.5th 317, 323.) When an appellant asserts a point but fails to support it with reasoned argument and citations to pertinent authority, the court may treat it as waived or

forfeited. (*People v. Stanley* (1995) 10 Cal.4th 764, 793; see *Department of Alcoholic Beverage Control v. Alcoholic Beverage Control Appeals Bd*. (2002) 100 Cal.App.4th 1066, 1078 ["Mere suggestions of error without supporting argument or authority other than general abstract principles do not properly present grounds for appellate review"].)

A self-represented litigant must comply with the same rules of procedure as an attorney because a contrary rule "would lead to a quagmire in the trial courts, and would be unfair to the other parties to litigation." (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 985.)

With these procedural rules in mind, we turn to Sheriff's appellate contentions.

II

*Judgment of Dismissal*

Sheriff first argues the trial court erred in dismissing his complaint with prejudice, which was based on his failure to appear in person on the first day of trial as ordered by the court. As we next explain, we see no reversible error.

A. *Applicable Legal Principles*

Section 581 describes the various circumstances under which an action may or must be dismissed. Subdivision (d) provides, in relevant part, that "the court shall dismiss the complaint, or any cause of action asserted in it, in its entirety or as to any defendant, with prejudice, when upon the trial and before the final submission of the case, the plaintiff abandons it." A court's decision to dismiss under this section will be overturned only upon a showing of an abuse of discretion. (See *Shapira v. Lifetech Resources, LLC* (2018) 22 Cal.App.5th 429, 438, fn. 6 [dismissal under section 581, subdivision (d) " 'is addressed to the *court's discretion*' "].) Discretion is abused when the court's ruling is " ' "so irrational or arbitrary that no reasonable person could agree with it." ' " (*Mechling v. Asbestos Defendants* (2018) 29 Cal.App.5th 1241, 1249.) Discretion is also abused if the ruling rests on an error of law or relies on the existence of

6

facts not supported by substantial evidence. (*Borissoff v. Taylor & Faust* (2004) 33 Cal.4th 523, 531; *Shuts v. Covenant Holdco LLC* (2012) 208 Cal.App.4th 609, 617.)

B. *Analysis*

On appeal, Sheriff offers no authority demonstrating that his conduct did not amount to an abandonment of the action. (See *Shaw v. County of Santa Cruz* (2008) 170 Cal.App.4th 229, 285 [plaintiffs "abandoned" claims in the trial court "by failing to pursue them"].) Further, the record supports the trial court's finding that his conduct constituted "abandonment" for purposes of section 581, subdivision (d).

In a May 2024 written filing (ex parte application), Sheriff requested a trial continuance wherein he made clear that he was not prepared for trial and could *not* proceed to trial without counsel. His statements were not ambiguous in any way, but instead were plain and unequivocal. Pursuant to the parties' subsequent oral stipulation, the trial court continued the trial date from June 4, 2024, to August 19, 2024. On the morning of the first day of trial, Sheriff did not appear in person; rather, he appeared remotely and orally requested another continuance so he could retain counsel and prepare for trial, including presenting a new witness and new exhibits. The court denied Sheriff's request and ordered him to appear in person for trial later that same day. Sheriff failed to do so.

Under the circumstances presented, the trial court did not abuse its discretion in construing Sheriff's actions as an intentional abandonment of the claims alleged in his complaint. The record reflects that Sheriff abandoned the action on the first day of trial by failing to appear in person and proceed as directed by the court. While Sheriff never expressly stated that he was abandoning his claims, and argues on appeal that he did not intend to do so, his refusal to proceed to trial in violation of a court order was tantamount to an abandonment of the action. When, as here, a plaintiff abandons the action, section 581, subdivision (d) provides that the trial court shall dismiss it with prejudice.

In urging a different result, Sheriff suggests reversal is required because the trial court violated his due process rights by failing to hold a hearing before dismissing his complaint with prejudice. Sheriff further asserts the court should have "accommodated" his situation--limited income to pay for transportation to the courthouse--by providing (unspecified) "alternative solutions" for him to appear in person at trial or by granting his request for a continuance.[3] But nothing in the record reflects that Sheriff raised these issues in the trial court. For that reason, we deem the arguments forfeited. (See *Perez v. Grajales* (2008) 169 Cal.App.4th 580, 591-592 [An appellate court will " 'ignore arguments, authority, and facts not presented and litigated in the trial court' "].)

Forfeiture aside, no basis for reversal appears on the face of the record. Sheriff, for his part, has not satisfied his burden to show prejudicial error by an adequate record.

---

[3] In support of his accommodation argument, Sheriff cites rule 1.100, which governs requests for accommodations by "persons with disabilities," meaning "individuals covered by California Civil Code section 51 et seq.; the Americans With Disabilities Act of 1990 (42 U.S.C. § 12101 et seq.); or other applicable state and federal laws. This definition includes persons who have a physical or mental medical condition that limits one or more of the major life activities, have a record of such a condition, or are regarded as having such a condition." (Rule 1.100(a)(1).) " 'Accommodations' means actions that result in court services, programs, or activities being readily accessible to and usable by persons with disabilities." (Rule 1.100(a)(3) [defining accommodations to include (among other things) "making reasonable modifications in policies, practices, and procedure"].)

Rule 1.100 allows persons with qualifying disabilities to apply for accommodations to ensure equal access to the judicial system. (*Vesco v. Superior Court* (2013) 221 Cal.App.4th 275, 279.) "Under the appropriate circumstances, an accommodation may be a trial continuance." (*Id*. at p. 279.) Here, there is nothing in the record showing that Sheriff followed the process for requesting an accommodation under rule 1.100, which requires (among other things) a description of the accommodation sought, along with a statement of the medical condition that necessitates the accommodation. (See Rule 1.100(c) [describing the process for requesting an accommodation].) On appeal, Sheriff does not argue, and the record does not reflect, that he complied with the requirements of rule 1.100. As a result, no further discussion of this issue is necessary.

He offers no reasoned legal argument, supported by citation to pertinent authority and facts in the record, demonstrating that reversal is required under the circumstances of this case. To the extent Sheriff's due process argument is predicated on the documents attached to his opening brief on appeal, we need not consider it. These documents (printouts of e-mails) were attached to Sheriff's brief for the purpose of showing that the trial court intended to hold a hearing later that afternoon on its tentative ruling dismissing the complaint with prejudice. However, the documents are not part of the appellate record and may not be considered. (See *Hodge v. Kirkpatrick Development, Inc*. (2005) 130 Cal.App.4th 540, 546, fn. 1.)

Even were we to consider the documents, there is nothing on the face of the record establishing reversible error. The setting and later cancellation of a hearing that was not required to be held in the first place is not relevant to the issue before us--whether the trial court erred when dismissing Sheriff's claim as abandoned. Applying the appropriate presumption that the lower court was correct, with all intendments and presumptions indulged in favor of its correctness (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133), we conclude that Sheriff's due process challenge fails. When faced with the uncertainty created by an incomplete record, the long-established principles of appellate procedure inform us how to proceed. Sheriff, as the appellant, has the burden of affirmatively demonstrating a prejudicial error occurred. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564, 566; *Jameson, supra*, 5 Cal.5th at pp. 608-609.) He has not done so here.

### III

### *Motion for Trial Continuance*

Sheriff next argues the trial court erred in denying his oral motion for a continuance on the first day of trial. We are not persuaded.

A.  *Applicable Legal Principles*

Rule 3.1332 governs motions for a continuance of a trial.  It provides that a party seeking a trial continuance "must make the request for a continuance by a noticed motion or an ex parte application . . . with supporting declarations," and the party "must make the motion or application as soon as reasonably practical once the necessity for the continuance is discovered."  (Rule 3.1332(b).)  "Although continuances of trials are disfavored, each request for a continuance must be considered on its own merits.  The court may grant a continuance *only on an affirmative showing of good cause* requiring the continuance."  (Rule 3.1332(c), italics added; see *Thurman v. Bayshore Transit Management, Inc.* (2012) 203 Cal.App.4th 1112, 1127 ["Trial continuances are disfavored and may be granted only on an affirmative showing of good cause"], overruled on other grounds in *Z.B., N.A. v. Superior Court* (2019) 8 Cal.5th 175; *In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 823 ["Continuances are granted only on an affirmative showing of good cause requiring a continuance"].)  Among the various circumstances that may indicate good cause include: the unavailability of an essential lay or expert witness because of death, illness, or other excusable circumstances; the unavailability of a party because of death, illness, or other excusable circumstances; the substitution of trial counsel, but only where there is an affirmative showing that the substitution is required in the interests of justice; and a party's excused inability to obtain essential testimony, documents, or other material evidence despite diligent efforts.  (See Rule 3.1332(c) [listing seven circumstances that may indicate good cause].)

In ruling on a request for a trial continuance, the trial court must look beyond the limited facts that cause a litigant to request a last-minute continuance and consider the degree of diligence in his efforts to bring the case to trial, including participating in earlier court hearings, conducting discovery, and preparing for trial.  (*Oliveros v. County of Los Angeles* (2004) 120 Cal.App.4th 1389.)  The trial court must also consider all other

relevant facts and circumstances, including the proximity of the trial date, whether there were previous trial continuances, the length of the requested continuance, the availability of alternative means to address the problem that gave rise to the motion for a continuance, prejudice that parties or witnesses will suffer as a result of a continuance, and whether the interests of justice are best served by a continuance. (Rule 3.1332(d).)

We review the trial court's denial of a continuance for an abuse of discretion. (*Qaadir v. Figueroa* (2021) 67 Cal.App.5th 790, 814.) "Discretion is abused when a decision is arbitrary, capricious or patently absurd and results in a manifest miscarriage of justice." (*In re Karla C*. (2003) 113 Cal.App.4th 166, 180.)

B. *Analysis*

As we have discussed, Sheriff did not appear in person on the first day of trial, which was set to commence nearly three years after the complaint was filed. Instead, Sheriff appeared remotely (via Zoom) and made an oral motion for a continuance; he did not file a noticed motion or an ex parte application with supporting declarations as required by Rule 3.1332. Further, there is nothing on the face of the record reflecting that Sheriff's oral motion was made *as soon as reasonably practical* once the necessity for the continuance was discovered, as required by Rule 3.1332. And the record discloses that St. Anton was prepared to proceed to trial.

On appeal, Sheriff does not cite Rule 3.1332 or include any reasoned legal argument in support of his claim of error. Rather, he simply asserts that a trial continuance was warranted because he could not afford to pay the retainer demanded by the attorney who had agreed to represent him.[4] In Sheriff's view, good cause existed for a trial continuance because he needed additional time to secure the funds to pay the

---

[4] The record reflects that Sheriff was aware of the requirements of Rule 3.1332, as his May 2024 ex parte application in support of a trial continuance includes a citation to the rule.

11

retainer or to find counsel that would represent him without payment of a retainer. We are unpersuaded. Nothing on the face of the record establishes an abuse of discretion. (See *Reales Investment, LLC v. Johnson* (2020) 55 Cal.App.5th 463, 469 [no abuse of discretion where request for continuance was made orally and without any written supporting evidence on the first day of trial]; *County of San Bernardino v. Doria Mining & Engineering Corp.* (1977) 72 Cal.App.3d 776, 781, 783 [denial of a continuance was justified where such oral relief was requested on the first day of trial, the opposing party was ready to proceed, and the request did not have a supporting declaration or any other evidence].) Civil litigants have the right to appear by counsel retained at their own expense (*Kim v. Orellana* (1983) 145 Cal.App.3d 1024, 1027), but this does not excuse a self-represented litigant from following appropriate rules and procedures in seeking a continuance to obtain counsel (*Rappleyea v. Campbell*, *supra*, 8 Cal.4th at pp. 984-985).

## DISPOSITION

The judgment of dismissal is affirmed. St. Anton is entitled to recover its costs on appeal. (Rule 8.278(a).)


                                                /s/
                                    Duarte, Acting P. J.


We concur:


      /s/
Boulware Eurie, J.


      /s/
Feinberg, J.